# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

RYAN HOBBS,

|  |  |  |  |
|---|---|---|---|
| | Petitioner, | : | Case No. 1:13-cv-928 |
| - vs - | | | District Judge S. Arthur Spiegel<br>Magistrate Judge Michael R. Merz |
| WARDEN, Madison Correctional<br> Institution, | | : | |
| | Respondent. | | |

# REPORT AND RECOMMENDATIONS

This is a habeas corpus case brought *pro se* by Petitioner Ryan Hobbs pursuant to 28 U.S.C. § 2254.  Hobbs seeks relief from his 2008 conviction in the Warren County Common Pleas Court for gross sexual imposition and unlawful restraint (Petition, Doc. No. 3, PageID 40). He pleads three grounds for relief:

> **Ground One:**  State suppressed favorable material upon request. A dectives [sic] police incident report was withheld that had inconsistent statements and more allegations than the other reports handed over. In the handed over police report the complainant is stating when she walked into the bedroom and accusing defendant of trying to solicit money for sex, she alleges she declined and defendant pushed her down on floor and digitaly [sic] raped her and held her down until she freed herself.  The withheld report she changes her story claiming she was raped on the bed. This is obviously inconsistent, being knocked down is different than being on the bed where she claimed the rape occurred.  The motivation saying money dispute was the motive is not apparent in the withheld report.  Also in the withheld report, the complainant is adding another allegation not apparent in any other reports saying the defendant attempted to pull his pants down and attempt to rape her.  The courts are wrong by saying since both reports allege rape, they are consistent. These are two completely different versions

she is giving. Also the results of a children services investigation could have produced favorable material.

**Ground Two:** I could not enter a knowingly, voluntarily, intelligently made plea without knowing the complainant had changed her story saying she was sexually assaulted on the bed, nor without knowledge she is alleging I attempted to take my clothes off and attempt to rape her.  The state withheld a children services report saying "a caseworker advised they were conducting an investigation into this incident…" I could not enter a knowingly made plea without knowing what the complainant said to social workers against me.  The agency was required to notify defendant of the allegations made against him and they didn't.  The courts just speculated in their ruling saying they think the children services investigation was specific to the mother's role letting her daughter stay with defendant. They realy [sic] don't know, as the records were never subpoenaed to the trial court for in camera inspection of favorable material.

**Ground Three:** My trial attorney was innefective [sic] for not obtaining the missing police reports. I urged my trial attorney to talk to the police or prosecutor about a given over police report that said the police detective was going to the hospital to "further investigate matters" but nothing was handed over to account for this.  Also I urged my trial attorney to use a chat conversation online where the complainant admitted the whole incident was made up.  I would not have been convicted of this crime had this been disclosed, the state's case would have crumbled.  Also, a conviction cannot rest on perjured testimony. The complainant conspired to lie at the Grand Jury, because days before she was to testify, is when she admitted the rape allegation was fabricated.

(Petition, Doc. No. 3, PageID 44, 46, 47.)

These Grounds may be characterized as (1) a violation of *Brady v. Maryland*, 373 U.S. 83 (1963), (2) which made the guilty plea involuntary and unknowing, and (3) as to which counsel provided ineffective assistance of trial counsel when not obtaining the *Brady* material.

**Procedural History**

Petitioner Ryan Hobbs was indicted by the Warren County grand jury on October 29, 2007, on charges of rape, abduction, and assault for offenses alleged to have occurred in August of that year.  In March 2008 as the result of plea negotiations, Hobbs pled guilty to one count of gross sexual imposition and one count of unlawful restraint.  Hobbs was given a community control sentence and did not appeal.  However, on July 14, 2009, Hobbs was found to have violated the terms of his community control which was revoked and he was sentenced to twelve months imprisonment.  Again, he took no appeal.

On May 10, 2010, Hobbs filed a petition for post-conviction relief under Ohio Revised Code § 2953.21.  The trial court denied the petition and Hobbs did not appeal.  On August 10, 2012, Hobbs moved to withdraw his guilty plea.  After the trial court denied the motion, Hobbs appealed to the Twelfth District Court of Appeals.  That court affirmed denial of withdrawal of the plea on July 15, 2013, and the Ohio Supreme Court declined to exercise jurisdiction over a subsequent appeal.

While his appeal to the Supreme Court of Ohio was pending, Hobbs filed another motion to withdraw his guilty plea.  After denial, he appealed again, counsel was appointed, and the appeal remained pending as of the time the Return of Writ was filed in this case.  After Hobbs filed another motion to withdraw his plea and a "Prosecutorial Misconduct Motion," the trial court declared him to be a vexatious litigator and barred him from further filings.  The Petition here was filed January 10, 2014.

# Analysis

**Proper Respondent**

The Ohio Attorney General, defending in this case, notes that the Warden of the Madison Correctional Institution is not the proper Respondent in this case because Hobbs has been released on parole under the supervision of the Ohio Adult Parole Authority (Return, Doc. No. 7, PageID 88-89). Hobbs concedes this is correct (Reply, Doc. No. 8, PageID 482). Accordingly, the Ohio Adult Parole Authority is ordered SUBSTITUTED for the Warden as Respondent in this case pursuant to Fed. R. Civ. P. 25(d). The case caption will remain as it is above, in accordance with this Court's usual practice.

**Statute of Limitations**

Respondent asserts that the Petition is barred by the statute of limitations enacted as part of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") which provides at 28 U.S.C. § 2244 (d):

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Respondent claims the statute began to run the day after the last day on which Hobbs could have taken a direct appeal from his conviction and expired one year later on June 3, 2009 (Return, Doc. No. 7, PageID 90).

Hobbs makes two responses. First he claims his August 12, 2012, motion to withdraw guilty plea was timely, he appealed from its denial, and he filed here well within one year after the Supreme Court of Ohio declined jurisdiction over his appeal (Reply, Doc. No. 8, PageID 484). The Magistrate Judge agrees that the motion to withdraw guilty plea was timely under Ohio law and that it constitutes a collateral attack on the conviction. However, under §2244(d)(2) a collateral attack only **tolls** the statute of limitations; it does not re-start the statute once it has expired. *Allen v. Yukins,* 366 F.3d 396 (6th Cir. 2004). The motion to withdraw guilty plea was not filed until August 2012, more than three years after the statute expired.

Hobbs also argues he is entitled to equitable tolling of the statute (Reply, Doc. No. 8, PageID 484-86). The documentary material he relies on for all three of his Grounds for Relief is

material he received from the Mason, Ohio, Police Department and Warren County Prosecutor's Office as the result of public records requests made on April 30, 2012, and May 7, 2012. After receiving and analyzing this material, he filed the August 12, 2012, motion to withdraw plea and, he says, he has pursued his claims diligently since then *Id.*

The one-year statute of limitations in 28 U.S.C. § 2244 is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631 (2010). A petitioner is "'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Ata v. Scutt*, 662 F.3d 736 (6th Cir. 2011), *quoting Holland*, 560 U.S. at 649, *quoting Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). In both *Pace v. DiGuglielmo*, *supra*, and *Lawrence v. Florida*, 549 U.S. 327 (2007), the Court assumed without deciding that equitable tolling was available for habeas petitions. As a general proposition, limitations periods, even as against the United States, are subject to equitable tolling, whereas time bars which limit the jurisdiction of courts are not. *Irwin v. Veterans Administration,* 498 U.S. 89 (1991). The language and legislative history of the AEDPA establish that § 2244(d) was intended as a limitations period, not a jurisdictional bar, and is therefore subject to equitable tolling. *McClendon v. Sherman,* 329 F.3d 490 (6th Cir. 2003); *Dunlap v. United States*, 250 F.3d 1001 (6th Cir. 2001).

"Equitable tolling allows courts to review time-barred habeas petitions 'provided that a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control.'" *Keeling v. Warden*, 673 F.3d 452, 462 (6th Cir. 2012), *quoting Robinson, supra*. *Keeling* cites several prior cases where equitable tolling was refused even though a petitioner's attorney failed to keep him apprised of the status of pending matters. A petitioner's *pro se* status and lack of knowledge of the law do not constitute an extraordinary

circumstance to excuse late filing. *Keeling, supra*.

The difficulty with Hobbs' equitable tolling claim is that he has not shown diligence before his first records request in April 2012. That is more than four years after his guilty plea. In attempting to justify the delay, he says he spoke with unnamed lawyers and private detectives on unspecified dates. *Id.* at PageID 485. He learned, he says, of the possibility of a public records request early in 2012. *Id.* He admits he suspected material had been withheld from him as early as the date he filed for post-conviction relief in 2010, but claims "I could not raise a federal constitutional issue during this time because I did not have the suppressed reports that demonstrated it was exculpatory." *Id.* at PageID 484-85. He argues "[t]he respondent expects the petitioner to be a walking encyclopedia, knowledge of all laws and facts to bring my claim up in time, and this is unfair." *Id.* at 485. But ignorance of the law including lack of access to legal materials while in prison will not excuse missing even the short deadline on appeal to the Ohio Supreme Court. *Bonilla v. Hurley*, 370 F.3d 494, 498 (6th Cir. 2004). Hobbs was out of prison for almost two years before he filed his public records request.

**Conclusion**

Because Hobbs has not shown entitlement to equitable tolling, his habeas petition is barred by the statute of limitations and should be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be

objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

January 6, 2015.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).