## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT CINCINNATI

RYAN HOBBS,

              Petitioner,           :     Case No. 1:13-cv-928

    - vs -                           District Judge Timothy S. Black
                                         Magistrate Judge Michael R. Merz

WARDEN, Madison Correctional
  Institution,
                              :
              Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS; DENIAL OF DISCOVERY AND MOTION FOR RECUSAL

This habeas corpus case is before the Court on Petitioner's Objections (Doc. No. 19) to the Magistrate Judge's Report and Recommendations ("Report," Doc. No. 17). This case was assigned previously to The Honorable S. Arthur Spiegel, but transferred to District Judge Timothy Black upon Judge Spiegel's death (Doc. No. 18). Judge Black has recommitted the matter for reconsideration in light of the Objections (Doc. No. 20).

The Report recommended dismissal of the Petition with prejudice because it is barred by the statute of limitations provided in 28 U.S.C. § 2244(d). That is, Hobbs failed to prove that he filed within one year of the date his conviction became final or that he is entitled to equitable tolling (Report, Doc. No. 17). Hobbs objects to both of these conclusions.

**Statutory Tolling**

The Report concluded Hobbs' conviction became final on the thirtieth day after he was sentenced because he failed to take a direct appeal to the Twelfth District Court of Appeals and his time to do so expired on that day, shown by the Return of Writ to have been May 31, 2008 (Judgment Entry of Sentence in the Warren County Common Pleas Court, Doc. No. 7-1, PageID 138-44). Thus the statute would have begun to run the next day and would have expired June 2, 2009.[1]

Hobbs objects that direct review within the meaning of § 2244(d)(1)(A) includes the time during which a petition for certiorari to the United States Supreme Court is pending or when the time for filing such a petition expires. (Objections, Doc. No. 19, PageID 594, citing *Jimenez v. Quarterman*, 555 US. 113, 118-19 (2009)). Hobbs reasons that since he never filed a direct appeal, his time for filing a petition for certiorari on direct review has never run.

This argument evinces a misunderstanding of how certiorari applies. The Supreme Court can review on certiorari only the "[f]inal judgments or decrees rendered by the highest court of a State in which a decision could be had . . ." 28 U.S.C. § 1257. Hobbs never obtained a judgment on direct review from the Ohio Supreme Court (the highest court of Ohio) and indeed never asked for one. Had he attempted an appeal directly to that court from his conviction and sentence, the appeal would have been dismissed for want of jurisdiction because the Ohio Supreme Court will only hear appeals in felony cases (aside from capital murder) which have first been appealed to the Ohio intermediate appellate courts.

Hobbs proceeds to argue that because his motion to withdraw his guilty plea, filed on

---

[1] The Report quotes instead Respondent's calculation that the statute expired June 3, 2009, one day later. (Report, Doc. No. 17, PageID, 587, citing Return of Writ, Doc. No. 7, PageID 90). The difference is immaterial for present purposes.

2

August 10, 2012, was timely, the statute of limitations did not begin to run until November 20, 2013, when the Ohio Supreme Court declined jurisdiction over an appeal from the Twelfth District's affirmance of denial of that motion to withdraw (Objections, Doc. No. 19, PageID 595).  Not so.  Ohio sets no absolute time limit on a motion to withdraw a guilty plea, so Hobbs' August 2012 motion was timely in the sense that it did not violate a stated Ohio rule.  But a motion to withdraw a guilty plea is a collateral attack on the judgment of conviction *Wall v. Kholi*, 562 U.S. 545 (2011).  Collateral attacks only **toll** the statute, they do not start it running again.  28 U.S.C. § 2244(d)(2);  *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991).


**Equitable Tolling**


Hobbs asserts he is entitled to equitable tolling of the statute of limitations because he diligently pursued his claims and because he is actually innocent (Objections, Doc. No. 19, PageID 596-98).

The Report recognized that the AEDPA statute of limitations is subject to equitable tolling (Doc. No. 17, PageID 588, citing *Holland v. Florida*, 560 U.S. 631 (2010)).  Nonetheless, it concluded that Hobbs had not shown appropriate diligence in pursuing his claim because he had not made a public records request for the evidence on which he relies until April 2012.  *Id.* at PageID 589.

Hobbs responds that he filed a post-conviction petition "asking if the prosecutor was withholding a police detective report." (Objections, Doc. No. 19, PageID 596, citing Post-Conviction Petition, Return of Writ, Doc. No. 7-1, PageID 151.)  This document was filed in May 2010, more than two years after Hobbs pled guilty.  It does not assert the existence of *Brady*

material, but only that any report which might have existed from the detective's further investigation was not given to Hobbs' counsel.  Hobbs blames the prosecutor for not handing over the detective's report in response to the post-conviction petition, but such a petition does not constitute a request for discovery.  Hobbs never filed his public records request until April 2012, four years after his guilty plea.  His post-conviction petition was itself dismissed because it was untimely filed.

Hobbs asserts that the "resulting impediment" was the prosecutor's "staying ignorant of his duties under state criminal procedures and federal law to disclose this police detective's police incident report even when the Petitioner was asserting to the [Common Pleas] Court he thought he was missing this report. . ."   But Hobbs cites no authority for the proposition that a prosecutor must search for *Brady* material as a result of allegations in a post-conviction petition and the Supreme Court has held to the contrary.  *District Attorney for Third Judicial District v. Osborne*, 557 U.S. 52 (2009).


**Actual Innocence**


Hobbs asserts his case comes within the actual innocence exception to the statute of limitations.  In *Souter v. Jones*, 395 F.3d 577, 599 (6th  Cir. 2005), the Sixth Circuit held Congress enacted the statute of limitations in 28 U.S.C. § 2244(d)(1) "consistent with the Schlup [v. Delo] actual innocence exception."   The controlling precedent on this point is now the Supreme Court's decision in *McQuiggin v. Perkins,* 569 U.S. ___, 133 S. Ct. 1924, 185 L. Ed. 2d 1019 (2013), where the Supreme Court held:

> [A]ctual innocence, if proved, serves as a gateway through which a
> petitioner may pass whether the impediment is a procedural bar, as

4

it was in *Schlup* and *House*, or, as in this case, expiration of the statute of limitations. We caution, however, that tenable actual-innocence gateway pleas are rare: "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup*, 513 U. S., at 329, 115 S. Ct. 851, 130 L. Ed. 2d 808; see *House*, 547 U. S., at 538, 126 S. Ct. 2064, 165 L. Ed. 2d. 1 (emphasizing that the *Schlup* standard is "demanding" and seldom met). And in making an assessment of the kind *Schlup* envisioned, "the timing of the [petition]" is a factor bearing on the "reliability of th[e] evidence" purporting to show actual innocence. *Schlup*, 513 U. S., at 332, 115 S. Ct. 851, 130 L. Ed. 2d. 808.

* * *

[A] federal habeas court, faced with an actual-innocence gateway claim, should count unjustifiable delay on a habeas petitioner's part, not as an absolute barrier to relief, but as a factor in determining whether actual innocence has been reliably shown.

*McQuiggin v. Perkins*, 569 U.S. ___, 133 S. Ct. 1924, 1928, 185 L. Ed. 2d 1019, 1035 (2013).

The *Souter* court also held:

[I]f a habeas petitioner "presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying claims." *Schlup v. Delo*, 513 U.S. 298, 316 (1995)." Thus, the threshold inquiry is whether "new facts raise[] sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial." *Id*. at 317. To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id*. at 327. The Court has noted that "actual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623, 140 L. Ed. 2d 828, 118 S. Ct. 1604 (1998). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial." *Schlup*, 513 U.S. at 324. The Court counseled however, that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'" *Id*. at 321.

5

*Souter v. Jones,* 395 F.3d 577, 590 (6th Cir. 2005).  Both *Schlup* and *McQuiggin* presume a case where a defendant pled not guilty but was nonetheless convicted at trial.  The court reviewing the new evidence must then decide whether it is so strong that it is probable that no reasonable juror would have convicted the defendant.  In this case, there is no trial evidence against which to weigh the new evidence.  Hobbs pled guilty and did not protest that he was nonetheless innocent (Transcript, Doc. No. 7-2, PageID 395).

Hobbs relies in part on what he represents is a printout of a chatroom conversation between himself and the complaining witness in which she admits she lied to the police (Return of Writ, Doc. No. 7-1, PageID 184).  Assuming the document could have been properly authenticated, it would have provided good cross-examination material for the defense, assuming the complaining witness testified at trial in a manner inconsistent with what she purportedly said in the chatroom conversation.  But this is not "new" evidence.  The purported chatroom conversation took place in October 2007, more than four months before Hobbs admitted his guilt by pleading guilty.

**Discovery Request**

In his Objections, Hobbs notes that the Magistrate Judge denied his motion for evidentiary hearing (Objections, Doc. No. 19, PageID 598).  That is correct.  On January 2, 2015, when this case was transferred to the undersigned, there were two pending motions, a Motion to Submit Further Filings (Doc. No. 9, filed May 7, 2014) and a Motion for Evidentiary Hearing (Doc. No. 13, filed September 12, 2104).  Both had been pending for some time, the first motion for more than seven months and the latter for more than three.  The prior Motion would have

been reportable under the Civil Justice Reform Act as of March 31, 2015, if Judge Spiegel had lived and the Motion had not been decided by that date. This fact was called to the undersigned's attention when the case was transferred with a request for prompt attention. Both Motions requested addition of evidence to the record which is barred by *Cullen v. Pinholster,* 563 U.S. ___, 131 S. Ct. 1388 (2011), so it made sense to decide them in the same Order.

Hobbs makes no objection to the Magistrate Judge's analysis of the impact of *Pinholster*. Instead, he asserts he is entitled to pre-trial in camera inspection of the relevant Miami County Children Services records concerning any investigation they completed in this case because those records might contain *Brady* material (Objections, Doc. No. 19, PageID 598-599). He admits that there was an evidentiary hearing in the Common Pleas Court on his Motion to Withdraw Guilty Plea where his retained attorney asserted these records contained *Brady* material but admitted he had not subpoenaed them so that the trial judge could make that determination. *Id.* at PageID 599. In other words, Hobbs had an opportunity to have these records be part of the state court record but missed his chance when his attorney did not subpoena them.

Hobbs' attorney's mistake does not provide a reason under Rule 6 of the Rules Governing § 2254 Cases for using the subpoena process of this Court to obtain those Children Services records. They cannot be considered in this Court because of *Pinholster, supra*. And it is very unlikely they can be considered in a re-filed motion to withdraw in the Common Pleas Court because Hobbs has already had an adequate opportunity to litigate that question in the state courts.

**Demand for Recusal**

Hobbs includes in his Objections a demand that the Magistrate Judge recuse himself under 28 U.S.C. § 455(a) and (b)(1).  As grounds therefor, he states that the Magistrate Judge did not discuss the merits of his *Brady* claim and recommended that the Court deny a certificate of appealability and certify that any appeal would be objectively frivolous (Doc. No. 19, PageID 600).

A request for disqualification is directed in the first instance to the judge who is sought to be disqualified.  *Goward v. United States*, 2014 U.S. App. LEXIS 11694, *6 (6th Cir. 2014), *citing United States v. Balistrieri*, 779 F.2d 1191, 1202-03 (7th Cir. 1985); *United States v. Studley,* 783 F.2d 934, 940 (9th Cir. 1986); *In re Drexel Burnham Lambert, Inc.,* 861 F.2d 1307, 1312 (2nd  Cir. 1988) *reh'g denied*, 869 F.2d 116 (2nd Cir. 1989); *United States v. Brunsman*, 2013 U.S. Dist. LEXIS 92971, *1 (S.D. Ohio 2013); *MacNeil v. Americold Corp*., 735 F. Supp. 32, 36 (D. Mass. 1990)(specifically applying rule to United States magistrate judges).

The standard applied in evaluating recusal motions is an objective one.  "[W]hat matters is not the reality of bias or prejudice, but its appearance."   *Liteky v. United States,* 510 U.S. 540, 548 (1994).  A federal judicial officer must recuse himself or herself where "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.  This standard is not based 'on the subjective view of a party,'" no matter how strongly that subjective view is held.  *United States v. Nelson*, 922 F.2d 311, 319 (6th  Cir. 1990), *cert. denied* 499 U.S. 981 (1991); *Hughes v. United States*, 899 F.2d 1495, 1501 (6th  Cir. 1990); *Wheeler v. Southland Corp.*, 875 F.2d 1246, 1251 (6th  Cir. 1989);  *Browning v. Foltz*, 837 F.2d 276, 279 (6th Cir. 1988).  Review is for abuse of discretion. *Wheeler,* 875 F.2d at 1251.   Where

8

the question is close, the judge must recuse himself.  *Roberts v. Bailar,* 625 F.2d 125, 129 (6th

Cir. 1980).

Section 455(a) requires disqualification in any proceeding in which a judge's impartiality

might reasonably be questioned.  "This statute embodies the principle that 'to perform its high

function in the best way justice must satisfy the appearance of justice.'"  *Ligon v. City of New*

*York (In re Reassignment of Cases)*, 736 F.3d 118, 123 (2nd Cir. 2013), *vacated on other grounds*

743 F.3d 362 (2nd Cir. 2014), quoting *In re Murchison*, 349 U.S. 133, 136 (1955).

A disqualifying prejudice or bias must ordinarily be personal or extrajudicial.  *United*

*States v. Sammons,* 918 F.2d 592, 598 (6th Cir. 1990); *Wheeler  v. Southland Corp.*, 875 F.2d

1246, 1250 (6th  Cir. 1989).  That is, it "must stem from an extrajudicial source and result in an

opinion on the merits on some basis other than what the judge learned from his participation in

the case."  *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966);  *see also Youn v. Track,*

*Inc.,* 324 F.3d 409, 423 (6th Cir. 2003), *citing Grinnell*, *supra; Bradley v. Milliken,* 620 F.2d

1143, 1157 (6th  Cir. 1980), *citing Grinnell*, *supra*; *Woodruff v. Tomlin*, 593 F.2d 33, 44 (6th Cir.

1979) (citation omitted).  The Supreme Court has written:

> The fact that an opinion held by a judge derives from a source
> outside judicial proceedings is not a *necessary* condition for 'bias
> and prejudice' recusal, since predispositions developed during the
> course of a trial will sometimes (albeit rarely) suffice.  Nor is it a
> *sufficient* condition for 'bias and prejudice' recusal, since some
> opinions acquired outside the context of judicial proceedings (for
> example, the judge's view of the law acquired in scholarly reading)
> will not suffice. ... [J]udicial rulings alone almost never constitute
> valid basis for a bias or partiality motion.  See *United States v.*
> *Grinnell Corp.*, 384 U.S. 563, 583, 86 S. Ct. 1698, 16 L. Ed. 2d
> 778 (1966). ... Second, opinions formed by the judge on the basis
> of facts introduced or events occurring in the course of the current
> proceedings, or of prior proceedings, do not constitute a basis for a
> bias or partiality motion unless they display a deep-seated

> favoritism or antagonism that would make fair judgment impossible."

*Liteky v. United States,* 510 U.S. 540, 554-55 (1994); *see also Alley v. Bell*, 307 F.3d 380, 388

(6ᵗʰ Cir. 2002)(quoting the deep-seated favoritism or antagonism standard). The *Liteky* Court

went on to hold:

> *Not* establishing bias or partiality, however, are expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display. A judge's ordinary efforts at courtroom administration — even a stern and short-tempered judge's ordinary efforts at courtroom administration — remain immune.

510 U.S. at 555. Since the decision in *Liteky, supra,* "federal courts have been uniform in

holding that § 455(a) cannot be satisfied without proof of extrajudicial bias, except in the most

egregious cases." Flamm, Judicial Disqualification 2d § 25.99, *citing In re Antar,* 71 F.3d 97 (3ʳᵈ

Cir. 1995), *overruled on other grounds Smith v. Berg*, 247 F.3d 532, 534 (3ʳᵈ Cir. 2001).

The Return of Writ pleads that the Petition is barred by the statute of limitations (Doc.

No. 7, PageID 89-95). Because the Magistrate Judge concluded the case could be decided on the

basis of this defense alone, there was no need to expend additional judicial resources on

discussing Respondent's alternative procedural default defense (*Id.* at PageID 95-99), his waiver

defense (*Id.* at PageID 99-100) or the merits (*Id.* at PageID 100-18). No rule of law requires the

Court to consider all the alternative bases for decision in a case and the fact that the Court deals

only with one dispositive basis for decision is not a ground for recusal.

As to Hobbs' claim that the recommendation on a certificate of appealability shows bias,

Habeas Corpus Rule 11 requires the District Court to either issue or deny a certificate of

appealability when it enters a final order adverse to the applicant. In order to provide the District

Judges with a complete recommendation on which he or she can act, the Magistrate Judge is bound to include a recommendation on this question in the report and recommendations.

Hobbs has cited no facts from which an objective observer would conclude the Magistrate Judge's impartiality in this matter might reasonably be questioned or any extrajudicial facts supporting an inference of personal bias. The demand for recusal is DENIED.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge again concludes Petitioner has not proven an exception to the AEDPA statute of limitations, either statutory or equitable. Accordingly it is again respectfully recommended the Petition be dismissed with prejudice as time barred and that Petitioner be denied a certificate of appealability. The Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

January 20, 2015.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen

days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).