# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

RYAN HOBBS,

              Petitioner,   :   Case No. 1:13-cv-928

   - vs -                         District Judge Timothy S. Black
                                            Magistrate Judge Michael R. Merz

OHIO ADULT PAROLE AUTHORITY,

                                :

              Respondent.

## REPORT AND RECOMMENDATIONS ON MOTION FOR RELIEF FROM JUDGMENT

This habeas corpus case under 28 U.S.C. § 2254 is before the Court on Petitioner's Motion for Relief from Judgment (ECF No. 28).

28 U.S.C. § 2244(b) prohibits the filing of a second or successive habeas corpus petition attacking the same state court judgment as a prior petition unless the petitioner has obtained permission to proceed from the circuit court. In *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005), the Supreme Court held that a Rule 60(b) motion presents a "claim" if it "seeks to add a new ground for relief" from the state conviction or attacks the federal court's previous resolution of a claim on the merits, though not if it merely attacks a defect in the federal court proceedings' integrity. *Gonzalez* involved an attack on the district court's prior statute of limitations decision on the basis of later Supreme Court law (*Artuz v. Bennett*, 531 U.S. 4, 8-9 (2000)). The Court held this was a proper use of Rule 60(b) and the district court could reach the motion on the merits without precertification by the court of appeals. *Gonzalez*, 545 U.S. at 535-36.

The Magistrate Judge reads the instant Motion as questioning the integrity of the prior

1

proceedings and not raising a new claim for relief. The Motion is therefore properly within this Court's jurisdiction without prior permission from the Sixth Circuit. If the Motion were raising a new claim, we would not have jurisdiction. *Burton v. Stewart*, 549 U.S. 147 (2007); *Franklin v. Jenkins*, 839 F.3d 465(6th Cir. 2016); .

Fed. R. Civ. P. 60 authorizes relief from a final judgment on the following grounds:

> **(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.**
>
> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Judgment was entered in this case on February 18, 2015. Under Fed. R. Civ. P. 60(c), the time within which a motion under Fed. R. Civ. P. 60(b)(1), (2), or (3) must be filed is limited to one year after the judgment was entered, or February 18, 2016. The instant Motion was filed August 2, 2018, well over two years after that deadline. Therefore, the Court has no authority to consider the motion under Fed. R. Civ. P. 60(b)(1), (2), or (3).

Although Petitioner does not cite a particular provision of Rule 60, he does assert "[t]he

2

entire habeas proceedings before this Court is [sic] null and void. . . ." (Motion, ECF No. 28, PageID 650). The Magistrate Judge therefore reads the Motion as raising a claim under Fed. R. Civ. P. 60(b)(4)[1].

Thus construed, the Motion would appear to be untimely. Although there is no bright-line cut-off for Fed. R. Civ. P. 60(b)(4) motions, Fed. R. Civ. P. 60(c) requires that they be filed within a reasonable time after judgment. The Motion shows Petitioner has been aware of the conduct of which he complains for some time: "Over the course of 9 years the Warren County Prosecutors have been practicing fraud upon the Court. . . ." (Motion, ECF No. 28, PageID 650). Nevertheless, the leading authority on federal practice notes that, while Fed. R. Civ. P. 60(c) would seem to be applicable, "it cannot be enforced with regard to this class of motion. A void judgment cannot acquire validity because of laches on the part of the" losing party. 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, FEDERAL PRACTICE AND PROCEDURE, CIVIL 3D, § 2862 (1998).

The Motion is, however, without merit. The gist of Petitioner's claim is that the accused prosecutors withheld exculpatory evidence during the prosecution of the case. The allegations in the Motion are completely conclusory: Petitioner does not say what information was withheld, when he learned about it, why it is exculpatory, and so forth. However, when he initially filed this case, he alleged that the State had withheld an incident report which included a statement by the complainant that was inconsistent with what she said in a report that was disclosed. The Petition contained three grounds for relief which the Magistrate Judge previously "characterized as (1) a violation of *Brady v. Maryland*, 373 U.S. 83 (1963), (2) which made the guilty plea involuntary and unknowing, and (3) as to which counsel provided ineffective assistance of trial counsel when

---

[1] Petitioner notes that he has filed a motion under Fed. R. Civ. P. 60(d)(3) in companion litigation, *Hobbs v. Faulkner,* et al., Case No. 1:17-cv-441. He advises that the issues in that motion are "not being addressed in the present litigation." (Motion, ECF No. 28, PageID 649.)

not obtaining the *Brady* material (Report and Recommendations, ECF No. 17, PageID 584). The Report recommended dismissing the Petition as barred by the statute of limitations, 28 U.S.C. § 2244. *Id.* at PageID 589. That Report was adopted by District Judge Black, and judgment was entered accordingly (ECF No. 26, 27). Hobbs took no appeal and did not otherwise object to the judgment until the instant filing.

It is accordingly the law of the case that Petitioner's claims based on *Brady, supra*, are barred by the statute of limitations. Petitioner cites no authority and none is known to the Magistrate Judge which would make a final judgment in a habeas case void because the underlying claim relied on *Brady* materials.

Ordinarily only lack of subject matter or personal jurisdiction will render a judgment void. In this case, the Court had subject matter jurisdiction under 28 U.S.C. § 2241 and personal jurisdiction over both parties because both are residents of Ohio and the claim for habeas corpus relief arose in this judicial district.

Because the Court had jurisdiction to enter judgment in this case, its judgment is not void. Therefore the Motion should be denied. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

August 8, 2018.

s/ *Michael R. Merz*<br>United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. .Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).