**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI**

RYAN HOBBS,

            Petitioner,      :      Case No. 1:13-cv-928

  - vs -                             District Judge Timothy S. Black
                                          Magistrate Judge Michael R. Merz

OHIO ADULT PAROLE AUTHORITY,

                                      :
           Respondent.

# ORDER

        This habeas corpus case under 28 U.S.C. § 2254 is before the Court on Petitioner's renewed Motion to Stay Proceedings (ECF No. 38) and Motion for Discovery (ECF No. 39).

        Petitioner moved for relief from judgment in this case (ECF No. 28) three and one-half years after judgment was entered (ECF No. 27). The Magistrate Judge recommended denying the Motion on the merits because Petitioner's claims under *Brady v. Maryland*, 373 U.S. 83 (1963), were barred by the statute of limitations (ECF No. 29). Petitioner objected (ECF No. 30) and moved to stay the proceedings "until the record is fully developed" which he expected to accomplish by September 17, 2018 (ECF No. 32, PageID 686). Judge Black recommitted the case (ECF No. 33) and the Magistrate Judge entered an Interim Order on Recommittal (ECF No. 35) which, inter alia, required Petitioner to renew his motion to stay by September 14 and comply with the conditions imposed in the Order denying the prior motion to stay without prejudice. Those conditions were (1) that Petitioner identify "what court hearings he intends to have transcribed,

1

what arrangements he has made for transcription, and the relevance of those hearings to his present Motion" for Relief from Judgement and (2) that "Petitioner has caused the Clerk to issue subpoenas under Fed. R. Civ. P. 45, filed copies of those subpoenas with the Court, and demonstrated the relevance of the documents he intends to subpoena." (ECF No. 34, PageID 689-90).

In his renewed Motion, Hobbs claims he has "fully complied" with those conditions in the document he filed labeled "Leave of Court." (ECF No. 36). In examining that document, the Magistrate Judge finds it does not comply with the required conditions. Hobbs asserts "several subpoenas are being served for all entities listed in this motion . . ." (ECF No. 36, PageID 697). But the docket does not show that any subpoenas have been issued in this case and none have been filed as the Court ordered. Hobbs asserts a transcript of the probable cause hearing in this case is being transcribed and will be ready by September 10, 2018. But no such transcript has been filed as of the date of this Order. Therefore the renewed Motion to Stay is DENIED.

Petitioner has also filed a Motion for Discovery (ECF No. 39). Hobbs spends most of the Motion revisiting his claim that this Court can, in this case, "review fraudulent state court judgments." *Id.* at PageID 762-63. The Magistrate Judge remains persuaded that the Court cannot review Petitioner's state court judgment of conviction unless and until the final judgment dismissing the habeas petition in this Court has been reopened.

Beyond that point, Hobbs says merely that he wants "discovery [that] includes taking depositions and answering interrogatories and demanding production of materials." *Id.* at PageID 762.

A habeas petitioner is not entitled to discovery as a matter of course, but only upon a fact-specific showing of good cause and in the Court's exercise of discretion. Rule 6(a), Rules

2

Governing § 2254 Cases; *Bracy v. Gramley*, 520 U.S. 899 (1997); *Harris v. Nelson*, 394 U.S. 286 (1969); *Byrd v. Collins*, 209 F.3d 486, 515-16 (6th Cir. 2000). Before determining whether discovery is warranted, the Court must first identify the essential elements of the claim on which discovery is sought. *Bracy*, 520 U.S. at 904, *citing United States v. Armstrong*, 517 U.S. 456, 468 (1996). The burden of demonstrating the materiality of the information requested is on the moving party. *Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001), *cert. denied,* 537 U.S. 831 (2002), *citing Murphy v. Johnson,* 205 F.3d 809, 813-15 (5th Cir. 2000). "Even in a death penalty case, 'bald assertions and conclusory allegations do not provide sufficient ground to warrant requiring the state to respond to discovery or require an evidentiary hearing.'" *Bowling v. Parker*, 344 F.3d 487, 512 (6th Cir. 2003), *cert. denied,* 543 U.S. 842 (2004), *quoting Stanford*, 266 F.3d at 460.

Rule 6 does not "sanction fishing expeditions based on a petitioner's conclusory allegations." *Williams v. Bagley,* 380 F.3d 932, 974 (6th Cir. 2004), *cert. denied,* 544 U.S. 1003 (2005), *citing Rector v. Johnson*, 120 F.3d 551, 562 (5th Cir. 1997); *see also Stanford*, 266 F.3d at 460. "Conclusory allegations are not enough to warrant discovery under [Rule 6]; the petitioner must set forth specific allegations of fact." *Williams,* 380 F.3d at 974*, citing Ward v. Whitley*, 21 F.3d 1355, 1367 (5th Cir. 1994).

Petitioner's Motion does not identify who he wants to depose, who he thinks should answer interrogatories, or what materials he wishes to obtain by a demand under Fed. R. Civ. P. 34. The Court has an obligation to managed the discovery process in any civil case, much less discovery in support of a very-late motion for relief from judgment in a habeas corpus case. Authorizing Petitioner to set depositions, propound interrogatories, and demand production of documents without a much more complete showing under Habeas Rule 6 would invite abuse of the discovery process.

The Motion for Discovery is therefore DENIED.

September 13, 2018.

s/ *Michael R. Merz*<br>United States Magistrate Judge