# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

RYAN HOBBS,

           Petitioner,      :      Case No. 1:13-cv-928

  - vs -                           District Judge Timothy S. Black
                                  Magistrate Judge Michael R. Merz

OHIO ADULT PAROLE AUTHORITY,

                                  :

           Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This is a habeas corpus case brought *pro se* by Petitioner Ryan Hobbs under 28 U.S.C. § 2254. Final judgment dismissing the Petition with prejudice was entered February 18, 2015, and Petitioner took no appeal. Over three years later, he filed a Motion for Relief from Judgment (ECF No. 28). The Magistrate Judge recommended denying that Motion on the merits (ECF No. 29). Petitioner has objected (ECF No. 30), the Adult Parole Authority has responded to those Objections (ECF No. 31), and Judge Black has recommitted the matter (ECF No. 33).

After recommittal, the Magistrate Judge entered an Interim Order which, inter alia, permitted Petitioner to renew his Motion to Stay Proceedings on certain conditions (ECF No. 35). Although Petitioner did file a new Motion to Stay (ECF No. 38), the Magistrate Judge denied because Petitioner had not met the required conditions (ECF No. 40).

**Procedural History**

1

Petitioner Ryan Hobbs was indicted by the Warren County grand jury on October 29, 2007, on charges of rape, abduction, and assault for offenses alleged to have occurred in August of that year. In March 2008, as the result of plea negotiations, Hobbs pled guilty to one count of gross sexual imposition and one count of unlawful restraint. Hobbs was given a community control sentence and did not appeal. He filed a petition for post-conviction relief in 2010 but did not appeal its denial. In 2012, Hobbs moved to withdraw his guilty plea. That motion was denied and the denial was affirmed on appeal. After he filed his third motion to withdraw, the Common Pleas Court declared him a vexatious litigator and barred further filings. The Petition here was filed January 10, 2014 (ECF No. 3). The Magistrate Judge recommended the Petition be dismissed as barred by the statute of limitations (Initial and Supplemental Reports and Recommendations, ECF Nos. 17, 21). Judge Black adopted that recommendation (ECF Nos. 26, 27). Hobbs took no appeal, but filed the instant Motion for Relief from Judgment more than three years later (ECF No. 28).

In the initial Report and Recommendations on that Motion (the "Report," ECF No. 29), the Magistrate Judge found this Court had jurisdiction because the Motion questioned the propriety of this Court's judgment, rather than raising a new claim for relief from the underlying conviction. *Id.* at PageID 655, relying on the distinction recognized in *Gonzalez v. Crosby*, 545 U.S. 524 (2005). The Report then read the Motion as being made under Fed. R. Civ. P. 60(b)(4) which authorizes relief from judgments which are void.

Noting that this Court has habeas corpus jurisdiction under 28 U.S.C. § 2241, the Report concluded the judgment was not void for lack of subject matter jurisdiction and recommended the Motion be denied (Report, ECF No. 29, PageID 658).

**Petitioner's Objections**

Petitioner makes the following objections:

1. Petitioner sought relief from judgment under Fed. R. Civ. P. 60(d)(3), not Fed. R. Civ. P. 60(b)(4). (Objections, ECF No. 30, PageID 660).

2. It is unfair to decide the motion without allowing Petitioner an opportunity to develop his claim through "briefs, oral arguments, [and] discovery to prove through clear and convincing evidence of fraud upon the Court by Warren [County] Prosecutor and Ohio Att'y [*sic*] General." *Id.*

3. Petitioner sought a three-judge district court and oral argument, neither of which was addressed. *Id.* at PageID 661.

4. "Fraud upon the Court by an attorney voids the judgment of those rendering courts." *Id.*

5. The discovery of the fraud only occurred in June of 2017. *Id.*

6. A Rule 60(d)(3) motion is not a successive habeas action in disguise "because it attacks the underlining [sic] proceedings because of fraud. *Id.*

7. Petitioner also asserted his entitlement to relief under Fed. R. Civ. P. 60(b)(6). *Id.*

8. "Any reasonable jurist would view Judge Merz's opinion as biased [and he] is clearly conspiring with the Prosecutor and Ohio Attorney General to protect from any wrongdoing, and looks for any weaknesses in the motion to dismiss it and not reach the merits of the claim." *Id.*

# Analysis

**Any Motion under Fed. R. Civ. P. 60(b)(3) is Untimely**

Fed. R. Civ. P. 60(b)(3) allows a court to relieve a party from a judgment procured by fraud. However, Fed. R. Civ. P. 60(c) requires motions under Rule 60(b)(3) to be brought within a year after judgment is entered. Final judgment was entered in this case February 18, 2015, three and one-half years before the Motion for Relief from Judgment was filed. There is no exception in the rule for late discovery of the fraud, but even if the one year ran from discovery of the fraud, the Motion would be untimely under Rule 60(c), because Petitioner says he discovered the fraud in June 2017, more than thirteen months before he filed the Motion.

**Any Motion under Fed. R. Civ. P. 60(b)(6) is without Merit**

Relief under Fed. R. Civ. P. 60(b)(6) is warranted only in exceptional or extraordinary circumstances not addressed by the other numbered clauses of Rule 60. *Johnson v. Dellatifa,* 357 F.3d 539 (6th Cir. 2004); *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989). "Furthermore, this provision and other provisions of Rule 60(b) are mutually exclusive; that is, if the reason offered for relief from judgment could be considered under one of the more specific clauses of Rule 60(b)(1)-(5), then relief cannot be granted under Rule 60(b)(6)." *Abdur'Rahman v. Bell (In re Abdur'Rahman)*, 392 F.3d 174, 183 (6th Cir., 2004) (en banc), *vacated*

4

*on other grounds*, *Bell v. Abdur'Rahman*, 545 U.S. 1151 (2005), *citing Liljeberg v. Health Svcs. Acquisition Corp.*, 486 U.S. 847, 863 & n.11 (1988). Because a claim that a judgment was procured by fraud is plainly covered by Fed. R. Civ. P. 60(b)(3), relief is not available under Fed. R. Civ. P. 60(b)(6).

**Hobbs has not Demonstrated Entitlement to Relief under Fed. R. Civ. P. 60(d)(3)**

Hobbs also relies on Fed. R. Civ. P. 60(d) which provides:

> (d) Other Powers to Grant Relief. This rule does not limit a court's power to:
>
> (1) entertain an independent action to relieve a party from a judgment, order, or proceeding;
>
> (2) grant relief under 28 U.S.C. §1655 to a defendant who was not personally notified of the action; or
>
> (3) set aside a judgment for fraud on the court.

Hobbs refers particularly to subsection (d)(3). Wright, Miller & Kane comment on 60(d): "This is not an affirmative grant of power but merely allows continuation of whatever power the court would have had to entertain an independent action had the rule not been adopted." Federal Practice and Procedure, Civil 3d, § 2868. Hobbs has not shown any authority prior to adoption of the Federal Civil Rules which would have authorized a federal district court to vacate a state criminal judgment because the judgment had been procured by fraud.

The Sixth Circuit has recognized the use of an independent action under 60(d) in the habeas corpus context, but only with respect to a court's own judgment. *Mitchell v. Rees*, 651 F.3d 593, 595-96 (6th Cir. 2012). Petitioner alleges, among many other things, that the Ohio Attorney

5

General committed fraud in the procurement of the final judgment in this case. But Hobbs has not pleaded fraud with particularity, Fed. R. Civ. P. 9(b), much less shown that it occurred.

On April 4, 2014, Assistant Attorney General Maura O'Neill Jaite filed Respondent's Answer and Return of Writ, along with the state court record (ECF No. 7). She later filed responses to various motions Hobbs had filed (ECF Nos. 10, 12, 14, 23). Those are the only filings Attorney Jaite made in the case and there was no occasion on which the Court heard her orally. Since those are the only representations she made to the Court in procuring the judgment, Petitioner must be understood as claiming that her fraud on the Court occurred in one or more of those filings.

Under Fed. R. Civ. P. 9(b), a fraud plaintiff[1] must plead the time, place, and contents of misrepresentation. *Bender v. Southland Corp.*, 749 F.2d 1205 (6th Cir. 1984). The elements of an action in actual fraud at common law are (a) a representation or, where there is a duty to disclose, concealment of a fact, (b) which is material to the transaction at hand, (c) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (d) with the intent of misleading another into relying upon it, (e) justifiable reliance upon the representation or concealment, and (f) a resulting injury proximately caused by the reliance. *Gaines v. Preterm-Cleveland, Inc.*, 33 Ohio St. 3d 54 (1987), *citing Burr v. Stark Cty. Bd. of Comm'rs*, 23 Ohio St. 3d 69 paragraph 2 of the syllabus (1986); and *Cohen v. Lamko, Inc.*, 10 Ohio St. 3d 167 (1984). Treating Hobbs's 60(d)(3) motion as an "independent action" for relief from judgment, this is the standard of pleading he must meet. He has not done so. Instead, he has alleged in very conclusory terms that Attorney Jaite procured dismissal of the habeas case by fraud. The elements of fraud on the court are conduct

> (1) On the part of an officer of the court;
> (2) That is directed to the "judicial machinery" itself;

---

[1] If this is to be regarded as an "independent" action to vacate a judgment, Hobbs is in the position of a plaintiff.

> (3) That is intentionally false, wilfully blind to the truth, or is in reckless disregard for the truth;
> (4) That is a positive averment or is concealment when one is under a duty to disclose;
> (5) That deceives the court.

*Demjanjuk v. Petrovsky*, 10 F.3d 338, 348 (6th Cir. 1993).

Fed. R. Civ. P. 60(d) is the savings clause in Rule 60 and preserves the ability to file an independent action in equity for relief from a judgment. *Mitchell v. Rees*, 651 F.3d 593 (6th Cir. 2011):

> At this point it will also be beneficial to clarify the nature of plaintiff's action. Plaintiff continually asserts that this is an independent action "pursuant to Rule 60[(d)]." This is not entirely accurate. Rule 60[(d)] merely provides, in relevant part [that] "[t]his rule [i.e., Rule 60] does not limit the power of a court to entertain an independent action to relieve a party from a judgment, . . . or to set aside a judgment for fraud upon the court." According to Wright and Miller, "the reference to 'independent action' in the saving clause is to what had been historically known simply as an independent action in equity to obtain relief from a judgment." 11 C. Wright & A. Miller, Federal Practice & Procedure § 2868, at 237-38 (1973).

*Barrett v. Sec'y of Health & Human Servs.*, 840 F.2d 1259, 1262-63 (6th Cir. 1987). Nonetheless, "[w]here the adverse party is not prejudiced[,] an independent action for relief may be treated as a 60(b) motion, and conversely, a 60(b) motion may be treated as the institution of an independent action." *Bankers Mortg. Co. v. United States,* 423 F.2d 73, 81 n.7 (5th Cir. 1970); accord 11 Wright, Miller & Kane, Federal Practice & Procedure § 2868 n.30, at 405 (1995).

The "indisputable elements" of an independent action are:

> (1) a judgment which ought not, in equity and good conscience, to be enforced; (2) a good defense to the alleged cause of action on which the judgment is founded; (3) fraud, accident, or mistake which prevented the defendant in the judgment from obtaining the benefit of his defense; (4) the absence of fault or negligence on the part of the defendant; and (5) the absence of any adequate remedy at law.

*Barrett*, 840 F.2d at 1263 (citing 11 C. Wright & A. Miller, Federal Practice & Procedure § 2868, at 238 (1973), and *National Surety Co. v. State Bank*, 120 F. 593, 599 (8th Cir. 1903)).

Moreover, an independent action is "available only to prevent a grave miscarriage of justice." *United States v. Beggerly*, 524 U.S. 38, 47 (1998); *accord*: *Pickford v. Talbott*, 225 U.S. 651, 657 (1912) (available when enforcement of the judgment is "manifestly unconscionable"); *Barrett*, 840 F.2d. at 1263 ("Relief pursuant to the independent action is available only in cases 'of unusual and exceptional circumstances.'"), quoting *Rader v. Cliburn*, 476 F.2d 182, 184 (6th Cir. 1973))). As other circuits have held, a "grave miscarriage of justice" is a "stringent" and "demanding" standard. *Gottlieb v. S.E.C.*, No. 07-2389-cv, 310 F. App'x 424, 425 (2nd Cir. 2009); *Wise v. Kastner*, No. 08-40223, 340 F. App'x 957, 959 (5th Cir. 2009). Significantly, this is a habeas corpus case, and in that context, in order to establish that relief is required to prevent a grave miscarriage of justice, the petitioner must make a strong showing of actual innocence. *Calderon v. Thompson*, 523 U.S. 538, 557-58 (1998) (holding that "avoiding a miscarriage of justice as defined by our habeas corpus jurisprudence" requires "a strong showing of actual innocence"); *see also Sawyer v. Whitley*, 505 U.S. 333, 339 (1992) (internal quotation marks and citation omitted) ("We have previously held that even if a state prisoner cannot meet the cause and prejudice standard, a federal court may hear the merits of the successive claims if the failure to hear the claims would constitute a miscarriage of justice."). Hobbs has certainly made no strong showing of actual innocence of the sort required in habeas corpus.

> "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial." *Schlup*[*v. Delo*], 513 U.S. [298, ]324 [(1995)]. The Court counseled however, that the actual innocence exception

    should "remain rare" and "only be applied in the 'extraordinary case.'" *Id.* at 321.

*Souter v. Jones,* 395 F.3d 577, 590 (6th Cir. 2005), quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998).

  In sum, Hobbs has not shown entitlement to relief from his habeas corpus judgment on the basis of fraud on the court by Attorney Jaite. Absent that showing, this Court has no authority in a habeas corpus case to grant relief from the underlying criminal conviction.

  It may be that apart from the underlying conviction, Hobbs is also seeking relief from several judgments of the Ohio courts in public records act cases he has brought. This Court does not have jurisdiction to do that in habeas corpus and for the reasons given in the pending Report in the parallel § 1983 case, such relief would be barred by the *Rooker-Feldman* doctrine. *Dist. Of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

**Discovery and Oral Argument**

  The Court has already separately denied Hobbs's Motion for Discovery (ECF No. 40). The Court almost never hears motions in civil cases on oral argument and there is no entitlement to argue a case in that way. As an additional point about discovery, Hobbs has not pleaded fraud with sufficient particularity to permit discovery even in an independent action.

**Fraud on the Court Renders a Judgment Voidable, Not Void**

  Hobbs asserts that fraud on the Court renders a judgment void (Objections, ECF No. 30,

...

9

Page ID 670-71, citing *Johnson v. Zerbst,* 304 U.S. 458 (1938); *Burrell v. Henderson*, 434 F.3d 826 (6th Cir. 2005); *Kenner v. Comm'r Internal Revenue*, 387 F.2d 689 (7th Cir. 1968); 7 James Wm. Moore, *et al.*, Moore's Federal Practice ¶ 60.23(2nd ed.). In *Burrell*, the judgment from which relief was sought under Fed. R. Civ. P. 60(b)(1), (b)(4), and (b)(6) was a default judgment. The Sixth Circuit granted relief under Fed. R. Civ. P. 60(b)(1) and expressly declined to analyze the claim of lack of jurisdiction under Fed. R. Civ. P. 60(b)(4). 434 F.3d at 835. The Seventh Circuit, in *Kenner*, held the Tax Court had authority to examine whether its judgment had been procured by fraud, but noted that the claims of fraud lacked substance; it did not hold that a judgment procured by fraud is void. *Johnson* stands for the proposition that a waiver of counsel must be knowing, intelligent, and voluntary and that a conviction entered without such a waiver is unconstitutional and therefore dischargeable in habeas. It does not hold that the judgment is void, but rather voidable[2], and says nothing about fraud on the court.

> Hobbs claims he has
>
> [S]everal witnesses (Anthony Kendall - Miami Co. Prosecutor, and June Cannon, Director of Miami Co. Children Services, and Pradmaja Sattu, Physician with Upper Valley Medical Center, Benjamin Watson, legal counsel) [who] would testify they worked in conjunction with Warren Co. Prosecutor and Mason Police and they are currently actively hiding information . . ."

(Objections, ECF No. 30, PageID 671.) If these persons are in fact willing to testify, where are their affidavits? Hobbs offers nothing but his own assertion of their willingness to testify.

**The Final Judgment in this Case was Based on the Statute of Limitations**

In addition to the procedural failures already outlined, Hobbs has not shown that, if the

---

[2] Technically, habeas corpus does not act directly on a state court judgment, but on the custody resulting from the judgment.

judgment were reopened, he could prevail against the statute of limitations defense that was the basis of the Court's judgment.

**Federal Rule of Civil Procedure 11**

In addition to accusing Attorney Jaite of fraud, Hobbs has accused the undersigned of "clearly conspiring" with the Prosecutor and the Ohio Attorney General in this case. In this time when public discourse is being corrupted by extreme language on all sides, the Court is obliged to remind Mr. Hobbs of the provisions of Fed. R. Civ. P. 11, which read:

> (b) By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
>
> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

There is no evidentiary support for the contention that the Magistrate Judge has conspired with anyone regarding this case because there has been no conspiring. If Mr. Hobbs persists in

violating Rule 11 by making baseless allegations against the Court, he will be subject to sanctions for that misconduct.

September 19, 2018.

s/ *Michael R. Merz*<br>United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. .Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).