**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI**

RYAN HOBBS,

    Petitioner,  : Case No. 1:13-cv-928

 - vs -        District Judge Timothy S. Black
            Magistrate Judge Michael R. Merz

OHIO ADULT PAROLE AUTHORITY,
            :
    Respondent.

## DECISION AND ORDER

  This habeas corpus case is before the Court on the Motion to Quash Subpoena of Non-Parties Mason Police Department, Paul Lindenschmidt, and Jeff Burson (the "Mason Movants") (ECF No. 43). Upon its filing, the Magistrate Judge suspended operation of the subpoena and deferred ruling on the Motion to Quash until Petitioner filed a response (deadline set at September 25, 2018) and Mason Movants had filed a reply (deadline set at forty-eight hours after Petitioner's response)(Notation Order, ECF No. 44). On September 21, 2018, Petitioner filed a Motion to Compel, seeking to enforce the Mason Movants' subpoena (ECF No. 46), but he has filed no other paper in response to the Motion to Quash. The Mason Movants combined their reply with a memorandum in opposition to Petitioner's Motion to Compel (ECF Nos. 49 & 53).

  Petitioner has also filed a motion to hold in contempt The Warren County Prosecutor and that office's Victim Witness Division, the Warren County A.R.C.S., the Mason Police Department, Warren County Emergency Services, Upper Valley Medical Center, the Miami County Prosecutor, Miami County Children Services, and the Warren County Juvenile Court for their failures to

1

comply with subpoenas duces tecum commanding them to produce records on September 17, 2018, at the Potter Stewart Courthouse (ECF No. 48).

The Warren County Prosecutor has moved to quash subpoenas issued "to any and all officers, departments, and employees of Warren County" and has opposed the Motion to Compel and the Motion for Contempt (ECF Nos. 51 and 52).

# Analysis

This is a habeas corpus case in which the Petition was dismissed as barred by the statute of limitations on February 18, 2015 (ECF Nos. 26, 27). Hobbs took no appeal and made no other challenge to that judgment until he filed the pending Motion for Relief from Judgment on August 2, 2018 (ECF No. 28). The Magistrate Judge has recommended denial of that Motion in both a Report and Recommendations (ECF No. 29) and a Supplemental Report and Recommendations (ECF No. 45).

With that Motion for Relief pending, Petitioner has sought discovery and a stay of proceedings pending that discovery (ECF No. 32, 36, 38, 39). On September 13, 2018, the Magistrate Judge denied Petitioner's Renewed Motion for Stay in part because Hobbs had not complied with the Court's order that any subpoenas be issued by the Clerk with copies filed with the Court and a demonstration of "relevance of the documents he intends to subpoena." (ECF No. 40, quoting ECF No. 34, PageID 689-90). The Motion for Discovery was denied.

**Mason Movants' Motion to Quash**

The Mason Movants filed their Motion to Quash the next day, September 14, 2018, noting that no permission for discovery had been granted and that they had already provided the subpoenaed documents to Hobbs on several occasions (ECF No. 43, PageID 773). Examining the subpoena attached to that Motion, the Court notes that it was issued by a Deputy Clerk of this Court on August 25, 2018 (ECF No. 43-1, PageID 781). The Proof of Service page is not completed, but the Mason Movants have attached the certified mail envelope in which it was sent to them. *Id.* at PageID 780.

In responding in his Motion to Compel, Hobbs asserts these Movants "admitted to the fraud and they are hiding all the evidence in the lawsuit *Hobbs v. Faulkner*, Case No. 1:17-cv-441." (ECF No. 46, PageID 797). He does not claim he has been permitted to conduct discovery, but merely that he has sought it, but his Motion to Compel was filed eight days after the Court denied his Motion for Discovery. To add substance to his outrage, Hobbs notes he is seeking to have Attorney Jeremy Imbus held in contempt of court, fined $20,000.00, and have his license to practice law suspended. *Id.*

Because the subpoena commands production of documents after this Court denied discovery in this case, it is QUASHED. It is also quashed for the further reason that it imposes an unreasonable burden on the Mason Movants who aver that they have produced all the demanded documents on several occasions and Hobbs's response is purely conclusory.

Hobbs's Motion to Compel and Motion for Contempt are also denied for the following additional reasons.

First of all, service of the subpoena on the Mason Movants was improper. Fed. R. Civ. P.

45(b)(1) on service of subpoenas provides:

> (1) **By Whom and How; Tendering Fees.** Any person who is at least 18 years old and not a party may serve a subpoena. Serving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law. Fees and mileage need not be tendered when the subpoena issues on behalf of the United States or any of its officers or agencies.

The return address on the envelope in which the subpoena was sent to the Mason Movants shows that it was sent by Hobbs himself and that fact is corroborated by his production of the receipts for certified mail. But Hobbs is a party and may not serve a subpoena himself.

Perhaps more importantly, Rule 45 does not permit service by certified mail, but rather requires that service be made personally by "delivering a copy to the named person." Hobbs also does not claim he ever tendered the witness and mileage fees.

Apart from deficiencies in the service of the subpoena, Hobbs's Motion to Compel does not include the required certification that "the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1).

**The Warren County Movants**

The Warren County Prosecutor moves to quash the subpoenas served on Jessi Flint, Derek Faulkner. Mike Bunner, and Beth Mason on the ground that discovery has not been authorized in this habeas corpus action and the documents have already been produced in response to Petitioner's public records requests (ECF No. 52, PageID 932). For the reasons given above as to the Mason Movants, the Warren County Motion to Quash subpoenas to the four named individuals

is GRANTED.

As to these movants, the Motions to Compel and for Contempt are also DENIED for the additional reasons given above as to improper services of the subpoenas and failure to certify extrajudicial efforts to resolve the dispute.

Finally, an additional reason to quash exists as to these movants: each of the subpoenas served on them was not issued by the Clerk of this Court. See, e.g., ECF No. 48-2, the subpoena served on Elizabeth Farmer Mason, Warren County Juvenile Court Administrator. The signature line on this subpoena is blank. PageID 892. This is also true of the subpoena served on Kathy Perszyk. *Id.* at PageID 895. See also PageID 898, 901, 904, 910, 913, 916 for subpoenas served by Petitioner that were not issued by the Clerk.

Petitioner has frequently and vociferously charged the persons on whom he served subpoenas with "fraud on the court." In the Magistrate Judge's judgment, serving subpoenas which purport to be under Fed. R. Civ. P. 45 by using the official form, but which have not been issued by the Clerk amounts to attempted fraud on the persons subpoenaed. Petitioner is admonished in the strongest possible terms not to repeat this conduct. The Court also calls to the attention of all parties the provisions of Fed. R. Civ. P. 37(a)(5)(B) on the payment of the expenses of parties opposing motions to compel.

**Conclusion**

**Petitioner's** Motion to Compel (ECF No. 46) and Motion for Contempt (ECF No. 48) are

DENIED. The Motions to Quash (ECF Nos. 43 and 52) are GRANTED.

September 28, 2018

s/ *Michael R. Merz*<br>United States Magistrate Judge