# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

RYAN HOBBS,

          Petitioner,     :     Case No. 1:13-cv-928

   - vs -                    District Judge Timothy S. Black
                           Magistrate Judge Michael R. Merz

OHIO ADULT PAROLE AUTHORITY,
                            :
          Respondent.

## DECISION AND ORDER ON MOTION FOR RECONSIDERATION

This habeas corpus case is before the Court on Petitioner's "Motion in Opposition [to] Doc. No. 40 [and] Motion for Enlargement of Time" (ECF No. 47). The Clerk has docketed this as a motion for reconsideration.

Hobbs complains that the Magistrate Judge issued the Decision and Order at ECF No. 40 too fast: "The Court makes same-day-decisions and doesn't afford me time to counter-argument the Court's decision." *Id.* at PageID 830. At the time the Order at ECF No. 40 was filed on Thursday, September 13, 2018, Hobbs had already served numerous invalid subpoenas[1] returnable the following Monday morning, September 17, 2018. A prompt decision was needed to attempt to bring some order to the proceedings.

Hobbs complains that "[t]he Court has not even begun to investigate any fraud upon the Court. . ." *Id.* at PageID 830. Federal courts are not investigative bodies. They adjudicate claims

---
[1] All of the subpoenas attached to this Motion are invalid for lack of a Clerk's signature and were improperly served, as detailed in another Order filed this date.

1

put before them by the parties. As the Magistrate Judge has written elsewhere in the case, the only claim of fraud on the court which this Court can consider is the claim that somehow Assistant Attorney General Jaite, who has represented the Respondent in this case, committed fraud on this Court in procuring the dismissal of the Petition as barred by the statute of limitations. Hobbs has not presented a single scrap of evidence of any such misconduct by her.

Hobbs asserts the Court should appoint a special master because one was appointed in the *Demjanjuk* case (*Demjanyuk v. Petrovsky*, 10 F.3d 338 (6th Cir. 1993)), and his case is much more egregious than Demjanyuk's. Review of that decision indicates the special master was appointed by the Court of Appeals[2] which does not have access to United States Magistrate Judges who perform, inter alia, special master functions for district courts. The undersigned is fully available to perform any such functions in this case without appointment of a special master.

The Magistrate Judge has previously denied an evidentiary hearing in this case on the basis of *Cullen v. Pinholster*, 563 U.S. 170 (2011). Hobbs claims (ECF No. 47, PageID 831) that *Pinholster* did not abolish evidentiary hearings, which is correct. But then he says *Pinholster* reserved evidentiary hearings for "the most egregious misconduct," which is incorrect. What *Pinholster* held was that when reviewing a state court decision on a federal constitutional claim under 28 U.S.C. § 2254(d)(1), a district court was limited to the record that was before the state courts. In this case, if there were any factual issues about whether Assistant Attorney General Jaite committed fraud on this Court, *Pinholster* would not preclude holding an evidentiary hearing on that question.

---

[2] The special master appointed in the Demjanjuk case was United States District Judge Thomas A. Wisemna, Jr., of the Middle District of Tennessee.

Based on this analysis, Petitioner's Motion (ECF No. 47) is DENIED.

September 28, 2018.

s/ *Michael R. Merz*<br>United States Magistrate Judge