**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI**

RYAN HOBBS,

    Petitioner,   :  Case No. 1:13-cv-928

 - vs -          District Judge Timothy S. Black
              Magistrate Judge Michael R. Merz

OHIO ADULT PAROLE AUTHORITY,

              :

    Respondent.

# REPORT AND RECOMMENDATIONS

This habeas corpus case under 28 U.S.C. § 2254 is before the Court on Petitioner's March 20, 2019, Motion for Relief from Judgment (docketed as "Motion for Reconsideration") (ECF No. 80). Contemporaneously with filing the Motion, Petitioner filed a Notice of Appeal to the United States Court of Appeals for the Sixth Circuit from the judgment from which he seeks relief (ECF No. 78). Because the Notice of Appeal divested this Court of jurisdiction to decide the motion, the Magistrate Judge deferred consideration of the motion pending the outcome of the appeal (Order, ECF No. 82).

On June 24, 2019, the Sixth Circuit decided Petitioner's appeal. *Hobbs v. Ohio Adult Parole Authority,* Case No. 19-3229 (6th Cir. Jun. 24, 2019) (unreported; copy at ECF No. 85). Because that decision disposed of the appeal and the Sixth Circuit will not issue a mandate in its case (ECF No. 85, PageID 1077), its decision returns jurisdiction to this Court. The Court thus turns to the Motion for Relief from Judgment.

The Sixth Circuit noted that, in order to appeal denial of his prior Motion for Relief from

Judgment, Hobbs required a certificate of appealability because this is a habeas corpus case. Construing his Notice of Appeal as a motion for certificate of appealability, it denied one, holding that "no reasonable jurist could conclude that the district court abused its discretion in denying Hobbs's motion for relief from judgment." (Slip Op., ECF No. 85, PageID 1079).

Hobbs makes the instant Motion under Fed.R.Civ.P. 60(b)(1) to correct "clear errors of law . . ." (ECF No. 80, PageID 1066). However, the Sixth Circuit found that "[t]he magistrate judge analyzed Hobbs's motion under every conceivably applicable part of Rule 60: subsections (b)(3), (b)(6), and (d)(3). Hobbs did not make a substantial showing that his motion meets any of those subsections." (Slip Op., ECF No. 85, PageID 1079).

"Under the doctrine of law of the case, findings made at one point in the litigation become the law of the case for subsequent stages of that same litigation." *United States v. Moored*, 38 F 3d 1419, 1421 (6th Cir. 1994), *citing United States v. Bell*, 988 F.2d 247, 250 (1st Cir. 1993). "As most commonly defined, the doctrine posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Arizona v. California*, 460 U.S. 605, 618 (1983), *citing* 1B JAMES WM. MOORE AND T. CURRIER, FEDERAL PRACTICE ¶0.404 (1980); accord *Patterson v. Haskins*, 470 F.3d 645, 660-61 (6th Cir. 2006); *United States v. City of Detroit*, 401 F.3d 448, 452 (6th Cir. 2005). "If it is important for courts to treat like matters alike in different cases, it is indispensable that they 'treat the same litigants in the same case the same way throughout the same dispute.'" *United States v. Charles*, 843 F.3d 1142, 1145 (6th Cir. 2016) (Sutton, J.), quoting BRYAN A. GARNER, ET AL., THE LAW OF JUDICIAL PRECEDENT 441 (2016).

> The doctrine of law of the case provides that the courts should not "reconsider a matter once resolved in a continuing proceeding."18B CHARLES ALAN WRIGHT, ARTHUR R. MILLER, AND EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE: JURISDICTION AND

> RELATED MATTERS § 4478 (4th ed. 2015)."The purpose of the law-of-the-case doctrine is to ensure that 'the *same* issue presented a second time in the *same case* in the *same court* should lead to the *same result*.'" *Sherley v. Sebelius*, 689 F.3d 776, 780 (D.C. Cir. 2012) (quoting *LaShawn A. v. Barry*, 87 F.3d 1389, 1393,(D.C. Cir. 1996)).

*Howe v. City of Akron,* 801 F.3d 718, 739-740 (6th Cir. 2015) (emphasis in original).

The mandate rule is a specific application of the law-of-the-case doctrine. "The basic tenet of the mandate rule is that a district court is bound to the scope of the remand issued by the court of appeals." *United States v. Campbell,* 168 F.3d 263, 265 (6th Cir. 1999). The mandate rule is a distinct concept which preserves the hierarchy of the court system. *Scott v. Churchill,* 377 F.3d 565, 570 (6th Cir. 2004).

> Pursuant to the law of the case doctrine, and the complementary "mandate rule," upon remand the trial court is bound to "proceed in accordance with the mandate and law of the case as established by the appellate court." [*Hanover Ins. Co. v. Am. Eng'g Co.*, 105 F.3d 306, 312 (6th Cir. 1997)] (quoting *Petition of U.S. Steel Corp.*, 479 F.2d 489, 493 (6th Cir.), cert. denied, 414 U.S. 859, 94 S. Ct. 71, 38 L. Ed. 2d 110 (1973)). The trial court is required to "implement both the letter and the spirit" of the appellate court's mandate, "taking into account the appellate court's opinion and the circumstances it embraces." *Brunet v. City of Columbus*, 58 F.3d 251, 254 (6th Cir. 1995).

*Westside Mothers v. Olszewski*, 454 F.3d 532, 538 (6th Cir. 2006).

"[D]enial of a certificate of appealability bec[omes] the law of the case, binding in subsequent stages of the litigation." *Dillingham v. Jenkins*, Case No. 17-3813, 2017 WL 5438882 (6th Cir. Nov. 8, 2017), citing *Moore v. Mitchell*, 848 F.3d 774, 776 (6th Cir. 2017).

Under the law of the case doctrine as just explicated, this Court is bound by the holding of the Sixth Circuit that "no reasonable jurist could conclude that the district court abused its discretion in denying Hobbs's motion for relief from judgment" [when] "analyzed . . .under every

3

conceivably applicable part of Rule 60 . . . ." (Slip Op., ECF No. 85, PageID 1079).

Based on the law of the case as embodied in the Sixth Circuit's denial of a certificate of appealability, Petitioner's instant Motion for Relief from Judgment (ECF No. 80) must be DENIED.

June 26, 2019.

s/ *Michael R. Merz*<br>
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).