# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

RYAN HOBBS,

        Petitioner,    :    Case No. 1:13-cv-928

  - vs -                    District Judge Timothy S. Black
                            Magistrate Judge Michael R. Merz

OHIO ADULT PAROLE AUTHORITY,

                            :

        Respondent.

## REPORT AND RECOMMENDATIONS ON "WRIT OF CORAM NOBIS"

This is a habeas corpus case brought *pro se* by Petitioner Ryann Hobbs to obtain relief from a state court criminal conviction. On February 18, 2015, District Judge Black adopted Reports and Recommendations filed by the undersigned recommending dismissal of the case with prejudice as barred by the statute of limitations; the Clerk entered final judgment accordingly (ECF Nos. 26, 27). Hobbs did not appeal, but over three years later filed for relief from judgment (ECF No. 28). Judge Black denied that request for relief and the Sixth Circuit denied Hobbs's application for a certificate of appealability (ECF Nos. 76, 85).

Hobbs has now filed what he captions as a "Writ of Coram Nobis" with a request for evidentiary hearing (ECF No. 88). Because this is a post-judgment motion, it is deemed referred under 28 U.S.C. § 636(b)(3).

There are two fundamental problems with this filing. First of all, this is not an open case, final judgment having been entered more than four years ago. A person wishing to file a petition for writ of error *coram nobis* would be required to file a new case, not just demand relief in a

1

closed older habeas corpus case.

Second, federal courts have no *coram nobis* jurisdiction over state court convictions. *Lowery v. McCaughtry,* 954 F.2d 422 (7th Cir. 1992); *Theriault v. State of Mississippi*, 390 F.2d 657 (5th Cir. 1968); *Benson v. State Board of Parole & Probation*, 384 F.2d 238 (9th Cir. 1967); *Thomas v. Cunningham,* 335 F.2d 67 (4th Cir. 1964); *Rivenburgh v. State of Utah*, 299 F.2d 842 (10th Cir. 1962). The reason is the history of the writ. As Judge Easterbrook explained in *Lowery, supra:*

> *Coram nobis* arose as a device to extend the period (originally limited to the term of court) in which the judge who rendered a decision could reexamine his handiwork. ... Lowery's counsel conceded that she had not found even one decision in the history of the United States using coram nobis to set aside a judgment rendered by another court.

954 F.2d at 423.

Coram nobis in federal practice was abolished by adoption of Fed.R.Civ.P. 60 in 1938, but resurrected for federal prisoners by the Supreme Court in 1954 under the All Writs Act, 28 U.S.C. § 1651. *United States v. Morgan,* 346 U.S. 502(1954). But the Court has never approved its use by persons seeking relief in federal court from stat convictions.

The "Writ" should therefore be DENIED.

October 29, 2019.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

2

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).