# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT CINCINNATI

RYAN HOBBS,

                 Petitioner,        :    Case No. 1:13-cv-928

   - vs -                            District Judge Timothy S. Black
                                      Magistrate Judge Michael R. Merz

OHIO ADULT PAROLE AUTHORITY,
                                      :

                 Respondent.

---

# REPORT AND RECOMMENDATIONS

---

This habeas corpus case under 28 U.S.C. § 2254 is before the Court on Petitioner's Motion for Relief from Judgment under Fed.R.Civ.P. 60(b)(6) "with additional grounds for relief under the All Writs Act, 28 U.S.C. § 1651(ECF No. 90). In it he seeks relief from District Judge Black's Order of July 29, 2019 (ECF No. 87), denying Petitioner's prior Motion for Relief from Judgment (ECF No. 80)[1].

Rather than relying on any precedent under the All Writs Act, Hobbs says he "is seeking an evidentiary hearing or discovery pursuant to the [Federal Rules of Civil Procedure] on the underlining [sic] habeas case to prove that the findings are contrary to the evidence sought in the ancillary § 1983 case . . ." (ECF No. 90, PageID 1109). Hobbs' habeas corpus case was dismissed with prejudice February 18, 2015 (ECF Nos. 26, 27). No appeal was taken and the judgment became final when the time for appeal expired. Nothing else was filed in this case for more than

---

[1] Hobbs represents this prior Order as being the order which dismissed the case. However, the case was dismissed February 18, 2015 (ECF Nos. 26, 27).

three years or until August 2, 2018. When he first sought relief from judgment (ECF No. 28).

There is no provision in the Federal Rules of Civil Procedure or the Rules Governing § 2254 Cases for post-judgment discovery, much less authorizing reopening a judgment for that purpose. *Townsend v. Sain,* 372 U.S. 293 (1963), relied on by Hobbs to authorize an evidentiary hearing, has been completely superseded by Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA").

Hobbs claims "there is still no final Order on my Attorney-abandonment claims . . . that were raised on my Objections to R&R, Doc. 30, pp. 18-20." (Motion, ECF No. 90, PageID 1110.) At the referenced place, Hobbs claimed "trial lawyer misconduct and gross negligence prejudiced the Petitioner and relief should be granted under Rule 60(b)(6)." (ECF No. 30, PageID 677.) As Hobbs tacitly concedes, this claim was not raised in his initial Motion for Relief from Judgment, but only in his Objections to the Report recommending denial of that Motion. Whether this claim was discussed in the Supplemental Report or not, Judge Black denied the Motion for Relief from Judgment in its entirety (ECF No. 76). On appeal the Sixth Circuit, in denying a certificate of appealability, held:

> For the reasons given by the magistrate judge, no reasonable jurist could conclude that the district court abused its discretion in denying Hobbs's motion for relief from judgment. The magistrate judge analyzed Hobbs's motion under every conceivably applicable part of Rule 60: subsections (b)(3), (b)(6), and (d)(3). Hobbs did not make a substantial showing that his motion meets any of those subsections.

*Hobbs v. Ohio Adult Parole Authority*, Case No. 19-3229 (6th Cir. Jun. 24, 2019)(unreported; copy at ECF No. 85). Whether all of his claims or assertions have been discussed by this Court or the Sixth Circuit in the detail Hobbs believes he is entitled to, his Motion for Relief from Judgment was denied in its entirety and he failed to persuade the Sixth Circuit to her an appeal.

The instant Motion for Relief from Judgment should therefore be DENIED.


November 13, 2019.

s/ *Michael R. Merz*
United States Magistrate Judge


## NOTICE REGARDING OBJECTIONS


Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).