# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

RYAN D. HOBBS,

        Petitioner,     :    Case No. 1:13-cv-928

- vs -                          District Judge Timothy S. Black
                                      Magistrate Judge Michael R. Merz

OHIO ADULT PAROLE AUTHORITY,

                                        :

        Respondent.

## REPORT AND RECOMMENDATIONS

Petitioner brought this action *pro se* under 28 U.S.C. § 2254 on December 27, 2013, seeking habeas corpus relief from his 2008 conviction in the Warren County Court of Common Pleas for gross sexual imposition and unlawful restraint (Petition, ECF No. 1). On recommendation of the undersigned, District Judge Black dismissed the case with prejudice as barred by the statute of limitations on February 18, 2015 (ECF No. 26).

On August 2, 2018, Petitioner filed his first motion for relief from judgment alleging, *inter alia,* fraud on the court as a basis for relief (ECF No. 28). On March 1, 2019, Judge Black denied that Motion (ECF No. 76). Petitioner filed another Motion for Relief from Judgment, this time under Fed.R.Civ.P. 60(b)(6)(ECF No. 90) which Judge Black also denied (ECF No. 93).

**Collateral Estoppel**

In the instant Motion, Hobbs seeks relief from judgment on the ground that the judgment was obtained by fraud on the Court. Further consideration of that question is barred by collateral estoppel (or issue preclusion to give the doctrine its contemporary label) because of the Court's prior decision of this issue.

"[R]es judicata has four elements: (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action." *Rawe v. Liberty Mut. Fire Ins. Co.*, 462 F.3d 521, 528 (6th Cir. 2006), quoting *Kane v. Magna Mixer Co.*, 71 F.3d 555, 560 (6th Cir. 1995); *State of Ohio ex rel Boggs v. Cleveland*, 655 F.3d 516 (6th Cir. 2011).

"[W]hen a court of competent jurisdiction has entered a final judgment on the merits of a cause of action, the parties to the suit and their privies are bound "not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose." *Cromwell v. County of Sac*, 94 U.S. 351, 352 (1877). The judgment puts an end to the cause of action, which cannot again be brought into litigation between the parties upon any ground whatever, absent fraud or some other factor invalidating the judgment. *Commissioner v. Sunnen*, 333 U.S. 591 (1948), diverged from in *Montana v. United States*, 440 US. 147 (1979).

Issue preclusion, or collateral estoppel as it is classically known, precludes relitigation of issues of fact or law actually litigated and decided in a prior action between the same parties and necessary to the judgment, even if decided as part of a different claim or cause of action. *Taylor*

2

*v. Sturgell,* 553 U.S. 880 (2008); *Stern v. Mascio*, 262 F. 3rd 600, 608 (6th Cir. 2001), quoting *Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 918 F. 2nd 658, 660-61 (6th Cir. 1990). The issue preclusion doctrine applies only if "(1) the precise issue raised in the present case [was] raised and actually litigated in the prior proceeding; (2) determination of the issue [was] necessary to the outcome of the prior proceeding; (3) the prior proceeding . . . resulted in a final judgment on the merits; and (4) the party against whom [issue preclusion] is sought . . . had a full and fair opportunity to litigate the issue in the prior proceedings." *Stern,* 262 F. 3rd at 608, quoting *Smith v. Securities & Exch. Comm'n,* 129 F. 3rd 356, 362 (6th Cir. 1997)(en banc).

Petitioner's claim that judgment in this case was obtained by fraud on the court has been previously litigated and decided against him. The Motion should be denied on that basis.

The Magistrate Judge notes that Petitioner refers in several places to his Motion's being "an independent action" for relief from judgment. However, the Motion is not an "independent" action; such an action would require filing of a new civil suit, service of process, screening under 28 U.S.C. § 1915A, etc. Recognition of the Court's authority to consider an independent action for relief from is in Fed.R.Civ.P. 60(d)(1), not (d)(3).

**Conclusion**

For the reasons given, Petitioner's Motion for Relief from Judgment should be DENIED. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

September 1, 2023.

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #

s/ *Michael R. Merz*
United States Magistrate Judge
