# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

RYAN D. HOBBS,

        Petitioner,  :  Case No. 1:13-cv-928

- vs -        District Judge Timothy S. Black
        Magistrate Judge Michael R. Merz

OHIO ADULT PAROLE AUTHORITY,

        :

        Respondent.

## REPORT AND RECOMMENDATIONS

This habeas corpus case was brought *pro se* by Petitioner Ryan Hobbs in December 2013 and dismissed with prejudice in February 2015 as barred by the statute of limitations (ECF No. 26). It is presently before the Court on Petitioner's "Motion Striking Docket Entry Denying Motion For Default Judgment" (ECF No. 103). In the Motion he complains of the August 31, 2023, Order by the undersigned denying his Motion for Default Judgment as a Sanction (ECF No. 96). In the denied Motion, he referred to Senior Assistant Attorney General Maura Jaite incorrectly as the Respondent and then sought default judgment against her as a sanction for allegedly committing fraud on the Court.

Hobbs claims that the Order denying default judgment is improper because a motion for default judgment is dispositive and therefore requires a recommended disposition by an assigned Magistrate Judge, rather than a decision (ECF No. 103, PageID 1188, citing *Callier v. Gray*, 167 F.3d 977, 981 (6th Cir. 1999); and *Deutsche Bank National Trust Company v. Schaefer,* Case No.

3:07-cv-227 (S.D. Ohio Sept. 4. 2007)).

Petitioner's Motion, construed as an objection to the denial of default judgment, is untimely; objections to action by a Magistrate Judge, whether dispositive or not, must be made within fourteen days of service.  However, *Callier* clearly holds that decision on a motion for default judgment, although not listed in 28 U.S.C. § 636 as dispositive, is sufficiently analogous to the listed matters as to come within the requirement for a recommendation rather than a decision. Accordingly, the Order denying the Motion for Default Judgment is void and is hereby withdrawn.

*Callier* also confirms that it is proper for a District Judge to refer a motion for default judgment to a Magistrate Judge for report and recommendation.  This habeas corpus case was referred to Magistrate Judge Stephanie Bowman by General Order for the Cincinnati location of court to include all matters filed.  That reference was later transferred to the undersigned (ECF No. 15).  Therefore Petitioner's Motion for Default Judgment is ripe for recommendation by the undersigned.

Fed.R.Civ.P. 55 authorizes default judgment against a party when that party has "failed to plead or otherwise defend. . ."  Maura Jaite is not a party to this case and the Respondent Warden did not fail to plead or defend.  Hobbs relies on *Chambers v. Nasco*, 501 U.S. 32, 43 (1991), but that case did not involve a default judgment nor the potential relief of vacating a criminal conviction.  Rather, *Nasco* reaffirmed the inherent power of federal courts to impose sanctions for bad faith conduct.  Hobbs has not proven any bad faith conduct by Attorney Jaite; even if he had, default judgment would not be proper.  Therefore Petitioner's first Motion for Default Judgment (ECF No. 96) should be denied.

The case is also before the Court on Petitioner's second Motion for Default Judgment (ECF No. 104) in which he claims entitled to a default judgment against the State for what he labels as

judicial misconduct of the undersigned, again relying on *Chambers*. No legal authority cited by Hobbs authorizes a default judgment against a party of vacating a conviction because of misconduct by an assigned judicial officer. Hobbs second Motion for Default Judgment should also be denied.

September 29, 2023.

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #

s/ *Michael R. Merz*  
United States Magistrate Judge