# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

RYAN D. HOBBS,

Petitioner,

: Case No. 1:13-cv-928

- vs -

: District Judge Timothy S. Black
Magistrate Judge Michael R. Merz

OHIO ADULT PAROLE AUTHORITY,

Respondent.

## DECISION AND ORDER

This habeas corpus case was brought *pro se* by Petitioner Ryan Hobbs in December 2013 and dismissed with prejudice in February 2015 as barred by the statute of limitations (ECF No. 26). The case is before the Court on Petitioner's Motion for Relief from Judgment (ECF No. 95), the Magistrate Judge's Report and Recommendations recommending denial of Relief from Judgment (the "Report," ECF No. 98), Petitioner's Motion to Show Cause (ECF No. 101), and his Motion for Default Judgment (ECF No. 104), the Magistrate Judge's Report and Recommendations recommending denial of the Motion for Default Judgment (ECF No. 105), and Petitioner's Motion to Strike the Report and Recommendations on Default Judgment (ECF No. 106).

Petitioner has objected to the recommended denial of his Motion for Relief from Judgment (ECF No. 100) and has made objections to the recommended denial of his Motion for Default Judgment in his Motion to Strike (ECF No. 106).

As required by Fed.R.Civ.P. 72(b), the Court has reviewed de novo the Magistrate Judge's Reports and Recommendations with particular attention to those portions objected to by Petitioner.

Having done so, the Court finds the objections are without merit and they are **OVERRULED** for the reasons set forth below.

**Motion for Relief from Judgment**

Final judgment was entered in this case on February 18, 2015, dismissing it with prejudice (ECF Nos. 26, 27). Petitioner did not appeal, but filed his first Motion for Relief from Judgment three and one-half years later on August 2, 2018 (ECF No. 28). The Court denied that Motion (ECF No. 76) and the Sixth Circuit subsequently denied a certificate of appealability (ECF No. 85). The Magistrate Judge then recommended denying Petitioner's second motion for relief from judgment (ECF No. 87) and Hobbs did not appeal. Petitioner then filed a third motion for relief from judgment (ECF No. 90) which the Court denied December 18, 2019 (ECF No. 93). Petitioner again took no appeal, but filed his fourth motion for relief from judgment August 31, 2023 (ECF No. 95), the same day he moved for default judgment as a sanction (ECF No. 96).

The instant motion for relief from judgment (the "Fourth Motion") claims judgment was obtained by fraud on the court. The Magistrate Judge recommended denial of this claim because the issue of whether the judgment had been obtained by fraud had already been decided by the Court (Report, ECF No. 98, PageID 1170). In response, Hobbs accuses the Magistrate Judge of "lies intended to deceive the" Court and "attempting to subvert the judicial process by fraud" (Motion, ECF No. 100). He asserts that he has never before raised the precise fraud issue he raises in the instant Motion, to wit:

> Maura Jaite[1] knowingly proffered a state court document she knew to be falsified to this Court as a part of the official state court record, that the Ohio Attorney General's Office was involved in a joint investigation with the Warren Co. Prosecutors Office and knowledge was imputed upon other lawyers through the Attorney General's Office of the contents of the prosecutors case folder in

[1] Assistant Ohio Attorney General Maura Jaite is the trial attorney in this case for Respondent Ohio Adult Parole Authority (ECF No. 5).

> 2007 including Maura Jaite and Maura Jaite knew the existence of this newly discovered evidence that formed the basis of my *Brady* claim in this Court including issues never raised in the original petition of this newly discovered evidence and Maura Jaite never informed this court of the material evidence the prosecutor hid behind this falsified state court document which was contributable [sic] to dismissing my habeas suit as untimely. See. Motion for Relief, Doc. 95.

(Motion, ECF No. 100, PageID 1176).

In the Fourth Motion itself, Petitioner asserts:

> Petitioner Ryan D. Hobbs can prove to this Court through an evidentiary hearing that portions of a state court document was [sic] falsified by the county prosecutor and transmitted to this Court by Maura Jaite as a part of the official state court record pursuant to 28 U.S. Code § 2254(g), the circumstances behind this document was a contributing factor to dismiss my case, where Maura Jaite previously knew it was sham and false, she previously knew evidence the state prosecutor was tampering with in connection with this falsified document prior to filing her answer, and she advanced false arguments to this Court surrounding this falsified document where this Court relied upon her representations and deceived the Court.

(Fourth Motion, ECF No. 95, PageID 1122).

Petitioner's principal claim as the Court understands it is that Attorney Jaite submitted a falsified document as part of the State Court Record, that she knew it was falsified, and that she never corrected the record to delete that document. The document in question is the State's Response to Discovery filed in the criminal case giving rise to this action, *State v. Hobbs,* Warren County Common Pleas Court Case No. 07CR24593. It was filed in this Court as part of the State Court Record and appears at ECF No. 7-1, PageID 204, *et seq.* Warren County Assistant Prosecuting Attorney Melvin Planas filed this particular copy of the document as an attachment to the State's Memorandum in Opposition to Petitioner's Motion to Withdraw his Guilty Plea. That Motion was filed by Attorney George Katchmer on Petitioner's behalf more than five years after

he was sentenced.

Petitioner asserts at least four times in his Fourth Motion that Attorney Jaite knew this document was false and fraudulent because it is unsigned by Attorney Planas who instead put a slash across the signature line. The Court rejects that inference. The document is clearly stamped as a copy as are other documents from the prosecutor's file that were made part of the Common Pleas Court's record at the time of the motion to withdraw plea. (*See* ECF No. 7-1, PageID 201, 202, 205).

Hobbs offers no proof of Attorney Jaite's asserted mendacity beyond the rejected inference.[2] He claims he can prove all if granted an evidentiary hearing, but such a hearing is precluded by Supreme Court precedent. *Cullen v. Pinholster,* 563 U.S. 170 (2011); *Shinn v. Ramirez*, 596 U.S. ___, 142 S.Ct. 2037 (2022).

Petitioner's Fourth Motion for relief from judgment (ECF No. 95) is **DENIED**.

**Motion to Show Cause**

Petitioner has moved the Court for an order to Magistrate Judge Merz to show cause why he should not be sanctioned "for attempting to subvert the judicial process through fraud upon the Court and conducting no legal research into his recent Report & Recommendations." (ECF No. 101, PageID 1181). The Court finds no such attempted subversion. The Court has also not relied on Magistrate Judge Merz's citations of authority on *res judicata* and collateral estoppel to decide the pending matters.

[2] Petitioner makes some additional assertions of fraud which are plainly meritless. For example, Hobbs claims Attorney Jaite committed fraud on the Court when she offered the opinion that Hobbs had not been diligent in pursuing his rights (ECF No. 95, PageID 1140). Proof of fraud requires showing an intentional misstatement of fact, not opinion. *Gaines v. Preterm-Cleveland, Inc.*, 33 Ohio St. 3d 54 (1987), *citing Burr v. Stark Cty. Bd. of Commrs.*, 23 Ohio St. 3d 69 ¶2 of the syllabus (1986); and *Cohen v. Lamko, Inc.*, 10 Ohio St. 3d 167 (1984).

As a sanction for the Magistrate Judge's asserted misconduct, Petitioner seeks a default judgment against the Warden. The Court agrees with Petitioner that a judgment which had been procured by the fraud of a subordinate judicial officer could be set aside, but that would not lead to a default judgment for a party. Even if relieved from the final judgment, Petitioner would still be obliged to prove his case.

The Motion to Show Cause is **DENIED**.

**Motion for Default Judgment**

Petitioner has also moved for default judgment against the Warden (ECF No. 104). The Magistrate Judge has filed a Report and Recommendations recommending denial of that Motion (ECF No. 105). Instead of filing timely objections to that Report, Petitioner has filed a Motion to Strike it (ECF No. 106). Because that Motion was filed by the deadline for objections, the Court will consider any substantive objections made in the motion to strike.

Petitioner seeks default judgment against the State of Ohio in two motions for default judgment (ECF Nos. 96 and 104). The basis for default is the asserted fraudulent misconduct of Attorney Jaite and the asserted judicial misconduct of Magistrate Judge Merz. The Magistrate Judge recommends denying both motions because neither he nor Ms. Jaite is a party and because the State of Ohio has defended the case successfully.

The Court finds Petitioner has not proven misconduct by either Attorney Jaite or Magistrate Judge Merz. The Motions for Default Judgment are accordingly **DENIED**.

Because reasonable jurists would not disagree with this conclusion, Petitioner is **DENIED** a certificate of appealability and the Court **CERTIFIES** to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

**IT IS SO ORDERED**.

January 3, 2024.

*s/ Timothy S. Black*
Timothy S. Black
United States District Judge