# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

RYAN D. HOBBS,

        Petitioner,    :    Case No. 1:13-cv-928

 - vs -    District Judge Timothy S. Black
    Magistrate Judge Michael R. Merz

OHIO ADULT PAROLE AUTHORITY,

    :

        Respondent.

## REPORT AND RECOMMENDATIONS

This habeas corpus case was brought *pro se* by Petitioner Ryan Hobbs in December 2013 and dismissed with prejudice in February 2015 as barred by the statute of limitations (ECF No. 26). It is now before the Court on Petitioner's Motion for Relief from Judgment (ECF No. 109) and Motion for Default Judgment against District Judge Black and Assistant Ohio Attorney General Maura Jaite (ECF No. 110).

Hobbs purports to bring this Motion under Fed.R.Civ.P. 60(b)(3) for fraud on the Court. Motions under Rule 60(b)(3) must be brought within one year of the judgment sought to be reopened. Fed.R.Civ.P. 60(c)(1). To bring himself within this provision, Hobbs purports to want to reopen the Decision and Order entered in January 2024 denying his most recent previous motion for relief from judgment (ECF No. 108). But the substance of his fraud on the court claim relates to the original judgment in this case. A litigant should not be permitted to bootstrap his way around the statute of limitations by seeking to reopen the most recent order denying relief from judgment.

1

Beyond that Hobbs had a remedy by way of appeal to the Sixth Circuit which, for whatever reason, he failed to take. The instant Motion for Relief from Judgment should be denied as untimely.

The Motion should also be denied on the basis of *res judicata* because this Court has already decided that final judgment in the case was not the product of fraud on the court. If Petitioner disagreed with that holding, he should have appealed and allowed a disinterested panel of the Sixth Circuit decide his claim of fraud.

Petitioner's Motion for Default Judgment fares no better. Whether or not a federal court could enter a default judgment as a sanction for misconduct by counsel, the Court has already found Petitioner's claim of fraud to be without merit.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends the Motion for Default Judgment (ECF No. 109) and the Motion for Relief from Judgment (ECF No. 110) be denied. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

July 5, 2024.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #