# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| RYAN HOBBS, | : | Case No. 1:13-cv-928 |
| Petitioner, | : | District Judge Timothy S. Black |
| | : | Magistrate Judge Michael R. Merz |
| vs. | : | |
| OHIO ADULT PAROLE AUTHORITY, | : | |
| Respondent. | : | |

**DECISION AND ENTRY:
(1) ADOPTING THE REPORT AND RECOMMENDATIONS; AND
(2) DEEMING PETITIONER A VEXATIOUS LITIGANT**

This civil case is before the Court on the Report and Recommendations of United States Magistrate Judge Michael R. Merz, to whom this case was referred pursuant to the Order of General Reference. (Doc. 113). Specifically, Judge Merz issued a Report and Recommendation on July 5 2024, recommending that Petitioner motion for default judgment (Doc. 109) and motion for relief from judgment (Doc. 110) be denied. (Doc. 113). Defendant did not file objections to the Report and Recommendation, and the time for doing so has expired.

On February 18, 2015, this Court dismissed with prejudice Petitioner's petition for writ of habeas corpus and further denied a certificate of appealability and leave to appeal *in forma pauperis*. (Doc. 26). Petitioner did not appeal.

On August 2, 2018, Petitioner filed a motion seeking relief from judgment, asserting that "[t]he entire habeas proceedings before this court is null and void as well as every state Court and appellate decision," due to alleged prosecutorial misconduct and

fraud upon the Court.[1]  (Doc. 28).  And, over the next two months, Petitioner continued to bombard the Court with all manner of frivolous filings, most (if not all) of which either ignore the Court's prior ruling, seek to prolong the litigation in his closed case, strike filings he disagrees with, or asks for reconsideration of issues that were well-settled. (*See*, *e.g.*, Docs. 32, 36, 38, 39, 46, 47, 48, 59, 60, 64, 65, 66, 72, 74).  Among this rash of filings was a document entitled "Contempt of Court," in which Petitioner accuses the Magistrate Judge of conspiring against him and interfering with the progress of the case, and then *Petitioner* further proceeds to deny a lawful court order, to order a United States Magistrate Judge to answer Petitioner's frivolous filing, to strike any order or response Petitioner does not approve of, and to hold a federal judicial officer IN CONTEMPT OF COURT for failing to comply with Petitioner's inappropriate demands.  (Doc. 66).

On March 1, 2019, this Court denied the motion to set aside the judgment.  (Doc. 76).  The Court also entered an Order striking Petitioner's egregious "Contempt of Court" filing, prohibiting Petitioner from submitting further filings purporting to take action on behalf of the Court, and specifically advising Petitioner that further inappropriate filings would result in Petitioner being deemed a vexatious litigant or sanctioned.  (Doc. 77).

On March 20, 2018, Petitioner filed a notice of appeal and a motion to proceed *in forma pauperis* (despite the Court already denying him pauper status and a Certificate of Appealability).  (Doc. 78, 79).  Petitioner also filed another motion for reconsideration.

---

[1] While Petitioner generally appears to allege fraud in the context of his habeas proceeding, his statements actually imply that the alleged fraud occurred in relation to his underlying state court conviction.  (*See* Doc. 28 at 2, 3).

(Doc. 80). On June 24, 2019, the Sixth Circuit Court of Appeals denied Petitioner a Certificate of Appealability and his request to proceed in forma pauperis. (Doc. 85). And on July 29, 2019, this Court denied his motion for reconsideration. (Doc. 89).

Undeterred, Petitioner filed a motion for hearing on October 28, 2019, then another motion for reconsideration on November 13, 2019. (Docs. 88, 90). Both motions were denied. (Docs. 91, 92).

Despite a prolonged period of silence in this case, Petitioner resumed filing in August 2023—with no regard for the fact that this matter has been adjudicated and dismissed for nearly a decade. On August 31, Petitioner filed a motion to file under seal, another motion for relief from the judgment, and a motion for default judgment. (Docs. 94, 95, 96). Judge Merz issued a Report and Recommendation to deny the motions, to which Petitioner filed objections on September 15, 2023. (Doc. 100). However, Petitioner went further and, on September 18, 2023, Petitioner filed a <u>motion for the United States Magistrate Judge to show cause as to why the Magistrate Judge should not be sanctioned</u> (Doc. 101). On September 29, 2023, Petitioner also filed a motion to strike and another motion for default judgment (Docs. 103, 104). On October 2, 2023, Judge Merz issued yet another comprehensive Report and Recommendations (Doc. 105), to which Petitioner responded by way of a motion to strike (Doc. 106). On January 3, 2024, this Court entered an Order adopting the Reports and Recommendations, and denying all of Petitioner's motions. (Doc. 108).

On July 2, 2024, still undeterred, Petitioner again filed a motion for relief from judgment (Doc. 109), another motion for default judgment (Doc. 110), <u>and a motion for</u>

3

an order requiring "District Court Judge Timothy S. Black [(*i.e.*, **this District Judge**)] to show cause why he should not be found in criminal contempt of Court [(*i.e.*, **this Judge's own Court**)] for willful disobedience of this Court's previous decisions and orders [(*i.e.*, **this Judge's own Orders**)] …" (Doc. 111).  (Emphasis added).

On July 5, 2024, Judge Merz issued an Order denying the motion for an order to show cause (Doc. 112) and also issued the Report and Recommendations currently before the Court (Doc. 113), recommending that Petitioner's umpteenth motions for relief and default judgment be denied (again).  Petitioner did not file objections and instead, filed a motion to strike the Order denying the order to show cause (Doc. 114), motion to strike this Court's January 3, 2024 Order denying his prior motions (Doc. 115), and a motion to strike the Report and Recommendations (Doc. 116).  All three of these motions were denied.  (Doc. 117).

With regard to the pending Report and Recommendations, and as required by 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b), the Court has reviewed the comprehensive findings of the Magistrate Judge and considered *de novo* all of the filings in this matter.  Upon consideration of the foregoing, the Court determines that the Report and Recommendations (Doc. 113) should be, and are hereby, **ADOPTED** in their entirety.

Additionally, this Court must address Petitioner's practice of inundating the Court with frivolous and inappropriate filings.  It bears noting that, beyond the instant case, Petitioner also brought a separate civil case in the Southern District of Ohio in 2017, which case was assigned to the Hon. Michael R. Barrett.  *See Ryan D. Hobbs v. Derek Faulkner, et al.*, No. 1:17-cv-441 (S.D. Ohio, Aug. 1, 2017).  The civil case was premised

on the same general arguments Petitioner raises in this case, it was ultimately dismissed in 2019 for failure to state a claim, and a Certificate of Appealability was denied by both Judge Barrett and the Sixth Circuit.  And, needless to say, Petitioner's practice of bombarding the Court with redundant filings and spurious accusations persisted in his civil case as well.

In short, Petitioner has been consuming valuable time on the docket of three federal Judges—the undersigned, Judge Merz, and Judge Barrett—for nearly a decade. Petitioner was denied relief by this Court (repeatedly) and the Sixth Circuit (twice).  And despite his persistent filings, he has failed to timely pursue any legitimate form of relief or meritorious claim.

"Federal courts have recognized their own inherent power and constitutional obligation to protect themselves from conduct that impedes their ability to perform their Article III functions and to prevent litigants from encroaching on judicial resources that are legitimately needed by others." *Meros v. Dimon*, No. 2:17-cv-103, 2017 WL 6508723, at *9 (S.D. Ohio Dec. 20, 2017) (quoting *Johnson v. Univ. Housing*, No. 2:06-cv-628, 2007 WL 4303729, at *12 (S.D. Ohio, Dec. 10, 2007)).  And the Sixth Circuit has repeatedly upheld the prefiling restrictions that trial courts have imposed on vexatious litigators.  *Asamoah v. Amazon.com Servs., Inc.*, No. 2:20-CV-3305, 2021 WL 3637730, at *6–7 (S.D. Ohio Aug. 17, 2021) (collecting cases).

Given Petitioner's persistent and frivolous filing practices, <u>this Court deems Petitioner a **vexatious litigant**</u>.  Accordingly, Petitioner is **prohibited from filing any further documents or filing a new case** in the United States District Court for the

5

<u>Southern District of Ohio on any of grounds or collateral arguments raised in this case or in Case No. 1:17-cv-441, *unless* accompanied by a Declaration from an attorney admitted in this Court, certifying that the filing or the new complaint is brought in good faith</u>.

Any submissions by Petitioner, in violation of this Order, will be immediately returned to him without filing or, if filed mistakenly, will be stricken without further consideration.

In sum, the Court **ORDERS** as follows:

1. The Report and Recommendations (Doc. 113) is **ADOPTED**;

2. Petitioner's motion for relief from judgment (Doc. 109) and motion for default judgment (Doc. 110) are **DENIED**;

3. Petitioner Ryan Hobbs is hereby deemed a vexatious litigant and **ENJOINED** from filing any further pleadings or bringing any new case in the Southern District of Ohio, relating to any claims or collateral arguments raised in this case or in Case No. 1:17-cv-441, unless he accompanies said filing with a certificate from an attorney who is licensed in this Court, stating that his filings or claims are non-frivolous and are brought in good faith;

4. The Clerk's Office is **ORDERED** to return, without filing any further pleadings from Ryan Hobbs, consistent with this Order; and

5. Because reasonable jurists would not disagree with the Court's conclusions, the Court **DENIES** issuance of a certificate of appealability. Pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that an appeal of this Order would not be taken in good faith and, therefore, this Court **DENIES** Petitioner leave to appeal *in forma pauperis*.

**IT IS SO ORDERED**.

Date: 8/1/2024

Timothy S. Black
United States District Judge

6